## BUNKER VS. LOCKE.

A mortgagor who is insolvent will be restrained from cutting timber from the
mortgaged premises, where such cutting will render the mortgagee's securi-
ty inadequate.

The chief characteristic of a "homestead," under the exemption law, is, that it is
the land on which is situated the dwelling of the owner and family, and the
land claimed as a homestead, to entitle it to be considered as such under the
statute, while it may consist of two or more *adjoining* lots, must constitute
but one tract or body in a compact form.

A homestead, under the exemption law, cannot consist of two or more *disconnected*
tracts, containing in the aggregate but forty acres of land, although the own-
ership of one of them may be convenient for the procurement of articles
(such as fuel and timber) essential to the use and enjoyment of the other, up-
on which the dwelling is situated.

The fact that the tract claimed as a homestead is divided into separate lots by a
stream of water, a highway or a railroad track, will not defeat the claim of
the owner to hold it as such, if it forms but one body, subject to such ease-
ments.

APPEAL from the Circuit Court for *Walworth* County.

This action was commenced by the assignee of a mortgage,
to restrain the mortgagor from cutting down and removing
the timber growing on the mortgaged premises. The com-
plaint alleged that the mortgagor was insolvent; that the
plaintiff had no other security for his debt than the mort-
gaged premises; that these premises, consisting of twenty
acres of wood land, would be inadequate security if the tim-
ber and wood growing thereon should be removed; that the

defendant was engaged in cutting down and taking away said timber, and threatened to cut and take it all away; and that if he should do so, the land would be greatly depreciated in value. Upon the complaint and an affidavit made by the plaintiff, an injunctional order was granted by a court commissioner, restraining the defendant from cutting the timber. The defendant, upon a verified answer, moved the court to vacate said injunctional order. The answer alleged that at the time of the execution of said mortgage, the defendant was a married man; that his wife Sarah, then and still living, did not sign said mortgage, or consent thereto; that he then owned but forty acres of land in the state, consisting of the twenty acres in question, and another twenty acre lot *a mile distant therefrom*, the latter consisting wholly of prairie land, upon which the house of the defendant was situated, with no wood or timber thereon; that the twenty acres in question were timbered land, and were, at the date of said mortgage, and had been ever since then, occupied and used by the defendant for agricultural purposes, by getting fuel, fencing and timber for the manufacturing of farming implements necessarily used by him in cultivating the other twenty acre lot; and that without the timber lot, the prairie land with the appurtenances would, for agricultural purposes, and as a homestead for the defendant, be greatly depreciated in value, if not rendered quite untenantable. The answer stated that the wood lot and the prairie lot were selected by the defendant as his homestead long before the execution of said mortgage, and insisted that said mortgage was void because it was not signed by the defendant's wife. The circuit court, at the hearing, made an order vacating the injunctional order, and the plaintiff appealed.

*Edson Kellogg*, for the appellant.

*N. S. Murphy*, for the respondent:

The only limitations of the right of exemption are such as are prescribed by the statute, and they are, that the quantity of land shall not exceed forty acres; that it shall be used for agricultural purposes; that it shall be selected by the owner; shall not be included in any town plat or city or village; and shall be owned and occupied by a resident of this state.

June Term, 1862.

BUNKER
v.
LOCKE.

October 25.

*By the Court*, COLE, J. It probably would be admitted that the appellant was entitled to an injunction to restrain the commission of waste upon the land mortgaged to him, unless it be held that such land is a part of the homestead, and therefore the mortgage void, not being signed by the wife. The complaint states that the value of the land will be greatly depreciated if the timber is taken off, and that the security will be inadequate, and that in consequence of the insolvency of the mortgagor, this mortgaged property is all that the appellant has to resort to, to collect his debt. Under these circumstances, we suppose there can be no doubt that a court of equity would interfere by injunction, and prevent the mortgagor from stripping the mortgaged premises of the timber which constitutes the principal value, unless the mortgage is void for the reason before stated. *Ensign v. Colburn*, 11 Paige, 503; Willard's Eq., 370–71. Can then the mortgaged premises be claimed as a part of the home-stead? It appears from the case that the mortgage covers twenty acres of wood land lying about a mile distant from twenty acres of prairie land upon which is situated the dwelling house of the respondent, and where he resides with his family; and that these two parcels of land are all the respondent owns. It is claimed that while the dwelling house is situated upon the prairie land, which is used and occupied for agricultural purposes, the mortgaged premises are used in connection therewith to obtain fuel, fencing and timber for other farming purposes, in the same manner and to the same extent that they would be resorted to if contiguous; and that the prairie land, without this piece of wood-land, would be nearly worthless for a homestead and agricultural purposes; and therefore that it is a part of the homestead. We deem this an erroneous construction of the homestead law.

Our statute in effect provides that a homestead, consisting of any quantity of land not exceeding forty acres, and the dwelling house thereon and its appurtenances, owned and occupied, &c., shall be exempt from sale on execution; and that a mortgage thereof by the owner—if a married man— shall not be valid without the signature of the wife. Secs.

June Term, 1862.

BUNKER
v.
LOCKE.

23 and 24, chap. 134, R. S. It will be at once seen, that it is the land used for agricultural purposes, not exceeding forty acres, upon which is situated the dwelling house, residence, or abode of the owner, and where such owner resides with his family, that the statute makes the "homestead," and extends to it its peculiar privileges and rights. It is the prescribed quantity of land or less where is situated the dwelling house used as a "*home.*" The chief characteristic or attribute of the "homestead," therefore, is—what indeed the word itself implies—that it is the land where is situated the dwelling of the owner and family. We do not ordinarily give the name or attach the idea of a "homestead" to several distinct and separate tracts of land, although the dwelling house may be upon one of them and they may be owned and cultivated by the same person. We do not speak of a homestead in this sense. We rather mean the land upon which the dwelling house is situated, and the adjoining premises in a reasonably compact form. Two or more adjoining lots may be used and occupied as the homestead, but the statute clearly contemplated they would form one body and be as compact as possible. It was not intended that the homestead might include disconnected tracts which are not contiguous or adjoining, but lying miles from each other. If this were the meaning of the statute, there would be an obvious impropriety in speaking of the homestead as consisting of any quantity of land not exeeding forty acres, and the dwelling house *thereon.* That is, the particular tract of land becomes and is the homestead because it is occupied by the dwelling house or actual residence of the owner. It may frequently happen, that the land which constitutes the homestead may be divided into separate lots by a stream of water, a highway or railroad track; yet the intention of the law is, that it should form one body, as compact as possible, subject to such easements. It was not intended to exempt twenty acres where the house was, and ten acres of wood land, or ten acres of pine land, situate at a distance, entirely disconnected, merely because the latter tracts might be convenient for obtaining such essential articles as lumber for fencing or wood for fuel. If a doubt could arise

under the twenty-third section, as to whether the homestead should not comprise contiguous tracts nearly as compact as possible, this doubt is removed by the language of the twenty-sixth section. This latter section provides that when the plaintiff in execution is dissatisfied with the quantity of land selected by the debtor, the officer making the levy is to cause the same to be surveyed, beginning at a point to be designated by the owner, and set off, in a *compact form*, the land—including the dwelling house and its appurtenances—to the amount of forty acres.

We are therefore clear in the opinion that the twenty acres of timber land cannot be claimed as a part of the homestead. It is situated at the distance of a mile from the homestead, and cannot, in any proper sense, be said to be a part of it. The circumstance that the prairie land or homestead is less valuable for agricultural purposes without the timber land than with it, cannot affect the question. If the wood land is a part of the homestead, it is exempt, or rather the mortgage upon it is void, whether the timber might be useful for wood, fencing or other farming purposes, or whether it would not. This circumstance is quite immaterial in determining the question whether it is a part of the homestead.

In our examination of this subject, we have found a case or two which fully sustain the result at which we have arrived. One is *Walters vs. The People*, 18 Ill., 194, arising upon a statute substantially similar to our own. It was there held that a tract of timber land a mile distant from the farm or house occupied, yet necessary for fuel for the use of the farm, was not a part of the homestead. On a petition for rehearing, the court affirmed this decision. 21 Ill., 178.

In *True et al. v. Estate of Merrill*, 28 Vermont, 672, it was held that separate pieces of woodland from which the owner was accustomed to obtain wood for his own use, could not be regarded as a homestead, or even as a part of it, within the meaning of the statute of that state.

From these authorities, as well as from our own views of the proper meaning and construction of our homestead law, we are clearly of the opinion that the twenty acres of timber

June Term,
1862.

The order, therefore, of the circuit court, dissolving the injunction, must be reversed, and the cause remanded for further proceedings according to law.