## FAIRBANK VS. CUDWORTH.

*Injunction against waste.*

Where the mortgagor in possession threatens *waste* which involves *irreparable injury* to the land, and will render the *security inadequate,* the mortgagee is entitled to an *injunction* against such waste, without averring or proving that the mortgagor is *insolvent.*

APPEAL from the Circuit Court for *Fond du Lac* County.

Action by mortgagee against mortgagor, to restrain the latter from committing waste on the mortgaged premises. The complaint, which is duly verified, states that the mortgage therein mentioned, which bears date March 16, 1872, was given to secure the purchase money of the mortgaged premises to the amount of $3,400, payable in unequal annual installments, the first of which falls due October 1, 1873, and the last October 1, 1879, with interest at ten per cent., payable annually. The complaint charges that the defendant is about to cut all of the timber from said farm for the purpose of selling it, and has commenced cutting the same; that there is no more timber on the premises than is needed for the use thereof as a farm; that the security now is but scant; and (upon information and belief) that the defendant, the mortgagor, is insolvent.

Fairbank vs. Cudworth.

The answer alleges that the defendant paid the plaintiff six hundred dollars, in land, on account of the purchase of the mortgaged premises, and the mortgage was given for the balance of the purchase money; that with the improvements made thereon by the defendant, the premises are now worth $5,000; that he only proposes to clear off two small pieces of timber, containing about one acre and one-fourth, each, which are so situated that the farm will be thereby improved and enhanced in value; that the timber thereon is poor, and, except that a few fence posts can be obtained therefrom (which are needed, and which the defendant intends to use, on the farm), is only valuable for fuel; that the defendant intended to sell the surplus tops of the timber to be so cut, for fuel; and that sufficient timber will be left thereon, after clearing off those two pieces, for the use of the farm. The defendant also denies that he is insolvent.

An injunction was allowed *ex parte* by the circuit judge, on the verified complaint and an additional affidavit of the plaintiff, restraining the defendant, until the further order of the court, from committing waste upon the mortgaged premises therein described, "and from felling, cutting down or removing any of the timber or cord-wood or trees now being or standing on the said premises, or any part thereof, and from causing the same to be done, except so far as may be required for fuel to be used on said premises by the occupants thereof." The affidavit of the plaintiff is only a repetition of portions of the complaint.

Upon the answer, and the affidavit of one *Charles Wachter*, which is to the effect that the farm would be enhanced from five hundred to six hundred dollars in value by clearing off the two pieces of timber mentioned in the answer, the defendant moved the court to dissolve the injunction.

On the hearing of such motion, the plaintiff read the affidavits of ten persons who resided in the vicinity of the mortgaged premises, to the effect that they were familiar with the premises;

that there is not sufficient timber thereon for the use thereof as a farm, being only about ten acres or less in all; that one of the pieces proposed to be cut is thrifty young timber, and the other is upon land of little or no value for any other purpose; that the mortgaged premises are not worth to exceed three thousand dollars; and that the same would be damaged four or five hundred dollars by the removal therefrom of the timber standing upon the two pieces of land which the defendant proposes to clear off. The affidavits read on the hearing of the motion to dissolve are all silent on the subject of the pecuniary responsibility of the defendant.

The circuit court granted the motion and dissolved the injunction; and the plaintiff has appealed to this court from the order in that behalf.

*Eli Hooker*, for the appellant, contended that the overwhelming weight of evidence shows that the cutting of timber sought to be restrained would be a serious injury to the land, and would render the security insufficient; and that it is unnecessary, in such an action, to show that defendant is insolvent.

*Priest & Carter*, for respondent:

1. The injunction was improvidently granted. (1) The jurisdiction of equity to restrain waste depends upon the necessity of preventing irreparable injury, and when exercised to restrain a mortgagor in possession, it should fully appear, first, that the acts complained of will result in irreparable loss to the estate, and render the security insufficient; and secondly, that the mortgagor is insolvent, and that a judgment against him for a deficiency would not be collectible. *Kekewich v. Marker*, 3 Mac. &. G., 329; *Scott v. Wharton*, 2 Hen. & Mun., 25; *Robinson v. Russell*, 24 Cal., 467; *Bunker v. Locke*, 15 Wis., 635. (2) The interlocutory injunction should not be granted except upon a clear *prima facie* case, and upon positive averments of equities. *Jones v. Macon R. R. Co.*, 39 Ga., 138; *Battle v. Stephens*, 32 id., 25; *Bogey v. Shute*, 1 Jones Eq., 180; *Perkins v. Collins*, 2 Green Ch., 482; *Branch Turnpike Co. v. Supervisors*,

13 Cal., 190; *Camabell v. Morrison*, 7 Paige, 157; *Bank of Orleans v. Skinner*, 9 id., 305; *Bogert v. Haight*, id., 297. (3) Allegations made upon information and belief are insufficient. Averments of material facts must be founded on complainant's own knowledge, or that of some person cognizant of the facts. *Jones v. Macon R. R. Co., supra*; *Armstrong v. Sanford*, 7 Minn., 49; *Youngblood v. Schamp*, 2 McCart., 42; *Blondheim v. Moore*, 11 Md., 365; *Dinehart v. Lafayette*, 19 Wis., 677. (4) An injunction will not be allowed against the removal of timber already cut upon the premises. *Van Wyck v. Alliger*, 6 Barb., 507; *Watson v. Hunter*, 5 Johns. Ch., 169; *People v. Alberty*, 11 Wend., 160. 2. The court properly dissolved the injunction upon the coming in of the answer, which denied all the equities of the bill, and must be taken as true for the purposes of the motion. *Harris v. Sangston*, 4 Md. Ch., 394; *Merwin v. Smith*, 1 Green Ch., 182; *Couch v. Ulster Turnpike Co.*, 4 Johns. Ch., 26; *Hollister v. Barkley*, 9 N. H., 230; *Armstrong v. Sanford*, 7 Minn., 49; *Anderson v. Reed*, 11 Iowa, 177, 183; *Taylor v. Dickinson*, 15 id., 483.

LYON, J. It clearly appears, by a preponderance of the proofs, that the mortgaged premises are but scanty security for the mortgage debt, and that, should the defendant fail to pay any portion of such debt, and the plaintiff be compelled to foreclose the mortgage, the security would be entirely inadequate. No foreclosure action can be commenced until after a payment becomes due. After the commencement of such action it will require, under favorable circumstances, from six to twelve months to obtain judgment therein, and perhaps a longer time. Then notice of sale must be published at least six weeks, and the defendant has one year thereafter, in which to redeem from such sale. Hence the earliest probable time at which the purchaser at the foreclosure sale could get possession of the premises, would be three years after the date of the mortgage, and then the mortgage debt, principal and interest, and the costs of

foreclosure, could scarcely be less than $4,500. Under the proofs, the very highest estimates which we can make of the value of the mortgaged premises, is the sum which the defendant agreed to pay for them, that is, four thousand dollars.

In like manner, it also clearly appears that the removal of the timber from the two pieces mentioned in the answer, over and above what is necessary for the uses of the farm, would be waste, and would damage the farm, and thus impair the plaintiff's security for the mortgage debt, at least four hundred dollars.

Under these circumstances, the right of the plaintiff to an injunction, restraining the defendant from committing such waste, can not be successfully denied, unless the right is defeated by the failure of the plaintiff to show that the defendant is insolvent. The answer in this respect contains a positive denial of the averment of insolvency in the complaint, and there being no other proof on the subject, and the legal presumption being in favor of solvency, it becomes a verity in the case that the defendant is pecuniarily responsible and solvent.

Hence the question (and the only one) to be determined, is, whether an injunction to stay waste upon mortgaged premises, may properly issue at the suit of the mortgagee, against a mortgagor who is solvent, where, as in the present case, the security of the mortgage is inadequate, and the threatened injury to the mortgaged premises, if committed, will be irreparable. It is understood that the learned circuit judge resolved this question in the negative, and upon that ground made the order dissolving the injunction.

The general principle upon which courts of equity exercise the jurisdiction invoked by this action, is thus stated by Judge Story: "If the mortgagor in possession should fell timber on the estate, and thereby the security would become insufficient (but not otherwise), a court of equity will restrain the mortgagor by injunction." 2 Eq. Jur., § 915. The authority which he cites is the case of *King v. Smith*, 2 Hare (24 Eng.

Fairbank vs. Cudworth.

Ch. R.), 239. In that case the Vice Chancellor said it was an established rule, that if the security of the mortgage is insufficient, and the court is satisfied of that fact, the mortgagor will not be allowed to do that which would directly impair the security, that is, cut timber upon the mortgaged premises. In a note to the same case the American editor cites numerous authorities, both English and American, to the following proposition : " The general rule in equity is, that the mortgagor in possession has the right to cut timber, and a court of equity will not interfere to restrain him in the exercise of that right, until it is made to appear to the court that he is cutting to an extent calculated to render the land an incompetent security for the amount due upon the mortgage." The writer no doubt uses the word " due " in the above extract, as synonymous with " unpaid." Mr. Eden, in his treatise on the law of injunctions, says, that " where a mortgagor in possession is committing waste, a court of equity will restrain him ; for as the *whole* estate is the security for the money advanced, the mortgagor ought not to be suffered to diminish it." (p. 119). Mr. Hilliard lays down substantially the same rule. See Hill. on Inj., 472 ; 1 Hill. on Mortgages, 223 (ch. 10, § 2).

In none of the above authorities is there any intimation that the insolvency of the mortgagor must be alleged or proved before an injunction can properly issue.

The test question seems to be, Is the security of the mortgage about to be impaired ? And upon principle, no good reason is perceived why the pecuniary condition of the mortgagor should be a consideration of any importance. The *land* is the primary fund for the payment of the debt secured by the mortgage. The mortgagee may resort, in the first instance, to the land for payment, and it would be inequitable to permit the mortgagor wantonly to destroy or impair the security, whether he be solvent or insolvent.

In *Poertner v. Russell* [*ante*, p. 193], we had occasion to examine a similar question in a contest between landlord and

tenant, and we came to the conclusion that an averment of the insolvency of the defendant was not essential in that case to the right of the plaintiff to an injunction to stay waste. It is believed that the reasoning in that case, and the authorities there cited, are applicable to this case.

Only two of the cases cited on behalf of the defendant to support the opposite doctrine have any bearing whatever upon the question. These are *Bunker v. Locke*, 15 Wis., 635 ; and *Robinson v. Russell*, 24 Cal., 467. In *Bunker v. Locke*, Mr. Justice COLE mentions the fact that the complaint averred, among other things, that the mortgagor was insolvent, but the *necessity* of that averment was not involved in the case, or considered by the court. *Robinson v. Russell* comes nearer to being an authority for the defendant than any other case we have found. But in that case the averment of the insolvency of the mortgagor was held necessary on the express ground that the mischief complained of (being the removal of pendant fruit and growing nursery stock) was not irreparable. Had the threatened injury been the cutting down of the fruit trees, it is not believed that the California court would have held that the averment of insolvency was essential, because in such case the injury would be irreparable.

We conclude, therefore, that where the threatened injury, if committed, is irreparable, and will impair the mortgage security so that the same will be inadequate, the mortgagee is entitled to an injunction against the mortgagor to restrain the committing of the threatened waste or injury, without averring or proving that the latter is insolvent.

It follows that the order dissolving the injunction must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.* — So ordered.