HORNBY vs. SIKES and others.

*November 28 — December 12, 1882.*

*Homestead must consist of single tract of land.*

1. A homestead, claimed as exempt from execution, must consist of but one body or tract of land. *Bunker v. Locke*, 15 Wis., 635.
[2. *It seems* that the mere granting, or taking by right of eminent domain, of an easement across a homestead does not divide it into separate and detached portions, which cannot be held as one homestead.]

APPEAL from the Circuit Court for *Dodge* County.

This action was brought to set aside a sheriff's certificate of sale on execution against the plaintiff of certain land, which certificate was issued to the defendants, and to compel the defendants to release such land to the plaintiff. The foundation of the action is the claim that the land thus sold is part and parcel of plaintiff's homestead, and hence not

liable to be sold on execution against him. The complaint alleges that on June 2, 1877, the plaintiff purchased and went into possession of the N. $\frac{1}{2}$ of the S. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of section two, and also a triangular piece of land of about two acres, situate twenty-seven rods west of the northwest corner of said first tract, all in the town of Chester, Dodge county, Wisconsin; that the plaintiff's deed was recorded June 11, 1877, and ever since the plaintiff has been in the actual and visible possession of the whole thereof, and held the legal title thereto. The complaint then recites at length the recovery of a judgment against the plaintiff, the issuing of execution thereon, and a sale thereunder by the sheriff of Dodge county, on the 12th day of August, 1881, of the said N. $\frac{1}{2}$ of the S. $\frac{1}{2}$ of said S. W. $\frac{1}{4}$ to the defendants, and the execution, delivery, and filing of the usual sheriff's certificate of sale. The complaint then alleges that the plaintiff claims said triangular piece, and the west thirty-eight acres of said N. $\frac{1}{2}$ of the S. $\frac{1}{2}$ of said S. W. $\frac{1}{4}$, as his homestead, not exceeding forty acres in all, and therefore exempt from seizure and sale on execution; that the whole of said lands and premises are, and during the whole of the plaintiff's said occupancy have been, used and occupied by the plaintiff for agricultural purposes, and are not situate in any city or village; that the plaintiff's dwelling-house, barn, and other farm buildings are located on the triangular piece. The complaint contains all necessary averments to entitle the plaintiff to the relief demanded, if the thirty-eight acre parcel is a part of his homestead. This appeal is by the plaintiff from an order sustaining a general demurrer to the complaint.

*Geo. E. Sutherland*, for the appellant, to the point that a homestead may consist of disconnected tracts, cited: *Bank v. Gale*, 42 Vt., 27; *Buxton v. Dearborn*, 46 N. H., 43; *Martin v. Hughes*, 67 N. C., 293; *Mayho v. Cotton*, 69 id., 289; *Acker v. Trueland*, 56 Miss., 30; *Milton v. Andrews*, 45 Ala., 454; *Taylor v. Mixter*, 11 Pick., 347; *Estate of Delaney*, 37

Cal., 179; *Gregg v. Bostwick*, 33 id., 225; *Williams v. Hall*, 33 Texas, 212; *Hancock v. Morgan*, 17 id., 583; *Pryor v. Stone*, 19 id., 371; *Arto v. Maydole*, 54 id., 244; *Andrews v. Hagadon*, id., 571; *Perkins v. Quigley*, 62 Mo., 498; *Reynolds v. Hull*, 36 Iowa, 394; *Darby v. Dixon*, 4 Ill. App., 187; *Greeley v. Scott*, 2 Woods, 657. And see *Gleason v. Edmunds*, 2 Scam., 448.

For the respondents there was a brief by *Eli & C. E. Hooker*, and oral argument by *Mr. Eli Hooker*. Besides commenting upon the cases cited by the appellant, they cited: *Tumlinson v. Swinney*, 22 Ark., 403; Worcester's, Bouvier's, and Burrill's Dictionaries, "Homestead;" Lester's Land Laws, 360; *Kelly v. Baker*, 10 Minn., 156; *Houston & G. N. R. R. Co. v. Winter*, 44 Tex., 597; *Hay v. Baugh*, 77 Ill., 502; *Sarahas v. Fenelon*, 5 Kan., 592; *True v. Morrill*, 28 Vt., 672; *Adams v. Jenkins*, 16 Gray, 146; *Eliot v. Thatcher*, 2 Met., 45; *Walters v. People*, 18 Ill., 194; *Kresin v. Mau*, 15 Minn., 116; *Randall v. Elder*, 12 Kan., 260; *Bunker v. Locke*, 15 Wis., 635; *Johnson v. Harrison*, 41 id., 386; *Kent v. Lasley*, 48 id., 257, 264.

LYON, J. The only question to be determined on this appeal is, Can the plaintiff hold the thirty-eight acre parcel of his land mentioned in the complaint as part and parcel of his homestead, his dwelling-house and farm buildings being upon the two-acre lot, which, at the nearest point, is twenty-seven rods distant from the land in controversy? On the authority of *Bunker v. Locke*, 15 Wis., 635, this question must be answered in the negative. One of the head-notes to that case correctly states the proposition there decided as follows: "A homestead under the exemption law cannot consist of two or more *disconnected* tracts, containing in the aggregate but forty acres of land, although the ownership of one of them may be convenient for the procurement of articles (such as fuel and timber) essential to the use and enjoyment of the

other, upon which the dwelling is situated." The judgment in that case did not go upon the ground that the detached lot was a wood lot, or that it was a mile distant from the lot on which the owners resided, as counsel argues, but upon the ground that the homestead can consist of but one body or tract of land. The rule of that case has remained undisturbed for twenty years. It has not been shaken by any subsequent judgment of this court. It is a rule of property, and no doubt valuable property rights have been acquired and are held on the faith of it. Hence, on familiar principles, the maxim *stare decisis* is peculiarly applicable to it.

Counsel for plaintiff dwelt upon the injustice which would result to the owner under this rule, in case his homestead should be divided by the condemnation of a strip through it for a highway or railroad, in which case he argues that the homestead right to the portion thus separated from the part on which the owner resides, would be lost. It seems clear, however, that the mere taking of an easement across the homestead, by right of eminent domain, does not divide the homestead into two separate and detached parcels. The absolute title in fee to the whole, subject only to the easement, remains in the original owner, and this would be so even though such owner voluntarily granted an easement across his premises. The arguments of the respective counsel were learned, interesting, and profitable. They cited numerous cases elsewhere upon the point in controversy. We must be controlled, however, by the established judgments of this court, especially on questions of property rights. We may say, however, that the cases cited have served to confirm our opinion that our statute was properly interpreted in *Bunker v. Locke.*

*By the Court.*— The order of the circuit court sustaining the demurrer to the complaint is affirmed.