## AMERICAN SURETY CO. OF NEW YORK v. GIBSON et al.

No. 7332—Opinion Filed May 22, 1917.

(166 Pac. 112.)

### 1. Homestead—Necessity of Occupancy.

The first paragraph of the syllabus in Illinois Life Ins. Co. v. Rogers et al., 61 Okla. 43, 160 Pac. 56, is adopted herein.

### 2. Same.

A married man who owned a farm in Caddo county, and who had lived with his family thereon for about ten years, traded this farm for one located in Canadian county, intending to remove his family thereon and to make the same their home. This Canadian county farm was rented at the time of the trade, and the tenant was occupying the one residence thereon, and for that reason he could not immediately establish the family in the new home. He rented a furnished house in El Reno for one month, and moved his family there, and was intending to go to Cushing for temporary employment, but before he got away, and about ten days after his arrival at El Reno, he was sued upon an unsecured debt, and an attachment was issued and levied upon the farm; he moved to discharge the attachment on the ground that the farm was his homestead, and as such exempt from the attachment. Held, that his motion was well taken, and was properly sustained.

(Syllabus by Galbraith, C.)

Error from District Court, Canadian County; John W. Hayden, Judge.

Action by the American Surety Company of New York against Thomas A. Gibson and others. There was a judgment for defendants, and plaintiff brings error. Affirmed.

Babcock & Trevathan, for plaintiff in error.

J. I. Phelps, for defendants in error.

Opinion by GALBRAITH, C. This appeal is from a judgment rendered upon sustaining a motion to discharge an attachment upon land, on the ground that the same was the homestead of the judgment debtor. The facts, briefly, are as follows:

In May, 1912, the defendants in error executed and delivered to the American Surety Company, the plaintiff in error, a bond of indemnity whereby they covenanted and agreed to hold said surety company harmless on account of its having made a fidelity bond for the defendant Morris R. Gibson, an employe of the Chicago, Rock Island & Pacific Railway Company, in the sum of $1,000. Morris R. Gibson defaulted while in the employ of the railway company and the surety company was compelled, by reason of its bond, to make good his default in the sum of $621.23. On March 11, 1915, the surety com-

pany commenced an action in, the district court of Canadian county on the indemnity bond executed and delivered by the defendants in error. The necessary affidavit and bond for an attachment order were filed in that case, and the attachment issued and was levied upon 80 acres of land located in Canadian county, as the property of the defendant Thomas A. Gibson. Thomas A Gibson presented a motion in said cause to discharge such attachment for the reason that the land levied upon was his homestead, and therefore exempt from seizure and attachment in said cause. On the hearing of said motion the same was supported by the affidavit of the movant and his oral testimony. From his oral testimony it appears that he was a married man and a resident and citizen of the state of Oklahoma, and that he had resided with his wife and three children on a farm which he owned in Caddo county. Okla., from the year 1902 up until the 1st of March, 1915, when he traded his land in Caddo county for a house and lot in the city of El Reno, and for the land levied upon by the order of attachment; that when he made the trade he intended to move upon the 80-acre tract in Canadian county and to use and occupy it as the home of himself and his family, he being a farmer by occupation; that the farm was rented for the year 1915, when he traded for it, and, as there was only one dwelling house on the land, and this was occupied by the tenant, he was unable to immediately carry out his plans as to the use and occupancy of these premises, and that he had no other homestead; that he rented a furnished house in El Reno for one month and made an effort to get employment there, but was unable to do so, and in order to get work to earn money to support himself and family he arranged to go to Cushing to work in the oil fields, and was prevented from doing so by the attachment proceeding; that the suit was filed about one week or ten days after he arrived at El Reno. Upon consideration of the motion and the testimony offered in support of the same, the trial court found that the land had been selected as the homestead and was exempt from the attachment, and granted the motion and discharged the attachment.

The only question presented by the assignments of error is whether or not the trial court was right in holding, under this evidence, that the property had been impressed with the homestead character, and was exempt from the attachment. It is contended on behalf of the plaintiff in error that actual occupancy of premises is necessary in order to impress it with the homestead character, and to entitle the debtor to claim the home-

stead exemption; that since this land had not been occupied or used by the debtor as a homestead, the exemption could not be sustained, and the court was therefore in error in granting the motion to discharge the attachment. In support of this argument the case of Ball v. Houston, 11 Okla. 233, 66 Pac. 358, is relied upon.

While it is true that the territorial court in that case held that under the homestead exemption statute then in force (section 2845 of the Statutes of 1893) actual use and occupancy were essential to invest the premises with the homestead character, and that where the evidence disclosed that the premises had not been used and occupied by the claimant the homestead exemption could not be sustained, it will be observed that the territorial statute defining the homestead exemption, construed in that case, after defining the homestead in the country, and that in "a city, town or village, contains a proviso which was equally applicable to both the rural and the urban homestead, as follows: "That the same shall be used for the purpose of a home for the family." We are not prepared to say that the court was wrong in the construction placed upon this statute, in holding that the homestead exemption could not be claimed under it unless the claimant had actually used and occupied the premises as a home for the family. However, that does not establish the proposition contended for by the plaintiff in error in the instant case.

The homestead exemption as defined by section 302 of Williams' Constitution of Oklahoma differs from the homestead exemptions as defined in the territorial statute, construed in Ball v. Houston, supra, in this, that it does not contain the conditions under the proviso as to the use of the premises, and the definition of the rural homestead is followed by the phrase "to be selected by the owner." It is true that in defining the urban homestead there is the phrase "owned and occupied as a residence only," but this is followed by the same language employed in defining a rural homestead, to wit, "to be selected by the owner." Thus it will be observed that there is a marked distinction between the provisions of the territorial statute defining the homestead and that of the Constitution above quoted.

If it were conceded that a claim to a homestead exemption made under the territorial statute could not be sustained, unless actual use and occupancy of the premises as a home were shown, and that such use and occupancy were essential to invest premises with the homestead character, and that a mere

intention to use and occupy in the future would not sustain the claim, still the same conclusion would not follow from a homestead exemption claimed under the Constitution, on account of the difference in the language employed in the statute and in the Constitution in defining the exemption—the omission of the words of the statute "to be used for the purposes of a home only," and the words, "to be selected by the owner," employed in the Constitution. In Laurie v. Crouch, 41 Okla. 589, 139 Pac. 304, this court refused to follow the restricted view of the homestead exemption as announced in Ball et al. v. Houston, supra, and held that use and occupancy of the premises were not absolutely essential to invest them with a homestead character. The same construction was placed upon the constitutional exemptions by the court in Hyde v. Ishmael, 42 Okla. 279, 143 Pac. 1044.

In Illinois Life Ins. Co. v. Rogers et al., 61 Okla. 43, 160 Pac. 56, in holding to the same effect, this court, in part, said:

"Under a liberal construction of the homestead law—and it must be conceded that this law should be liberally construed in favor of the people for whose protection it was enacted—it must be held that a purchase of a piece of land within the statutory limits as to quantity and value with intention in good faith of presently residing on it, or residing on it as soon as some temporary obstacle to such residence can be removed or some necessary preparation for the same can be made, is equivalent to actual occupancy of the residence, and said property is exempt from lien, levy, or forced sale."

All the testimony offered at the hearing was that of Thomas A. Gibson. By this it was established that he was a citizen and resident of Oklahoma, and a married man; that he had traded his homestead in Caddo county for this Canadian county farm, with the intention of making it the home of himself and family, and that at the commencement of the action he had no other homestead; that he selected these premises as his homestead, and as evidence of such selection and intention had moved his family from Caddo county to Canadian county, and was prevented from fully carrying out his intent and establishing his new home by a "temporary obstacle," namely, the possession of the house on the premises by a tenant, and that he intended to take possession and to establish his home upon this land as soon as this temporary obstacle was removed. His good faith is not questioned. From these facts we submit that it follows that the premises had been invested with the homestead character and were exempt from the

attachment. We are therefore constrained to hold that the claim of exemption ought to have been sustained, although the claimant had not actually occupied and used the premises, and that the court was right in so holding.

The judgment appealed from is therefore affirmed.

By the Court: It is so ordered.