Eaton Center Co-operative Cheese Company,
Respondent, vs. Kalkofen, imp., Appellant.

*September 15—October 11, 1932.*

For the appellant there was a brief by *Victor W. Nehs* of Neillsville and *Goggins, Brazeau & Graves* of Wisconsin Rapids, and oral argument by *Theo. W. Brazeau.*

*Wm. A. Campman* of Neillsville, for the respondent.

NELSON, J. It is undisputed that Christ Heintz and Pauline Heintz, his wife, on the 2d day of November, 1928, purchased from the Farmers & Merchants Bank of Greenwood, pursuant to the terms of a land contract, the southeast quarter of the southeast quarter of section 22, township 26 north, of range 2 west (excepting therefrom that part

lying east of the highway, now state 73), subject to the plaintiff's lease, and also the northeast quarter of the northeast quarter of section 27. By so doing they became joint tenants in the lands contracted to be purchased. Secs. 230.44 and 230.45, Stats. They had a right to select and to claim as their homestead such part of the lands so purchased as did not exceed the statutory limits as to area and value, even though "less than a fee" was held by them "by lease, contract or otherwise." Sec. 272.20; *Chopin v. Runte,* 75 Wis. 361, 44 N. W. 258. The homestead which they were entitled to select is by statute "defined to be the estate or interest in land as defined and set forth in section 272.20, except as provided in subsection (2) of section 237.02." Sec. 272.22.

The homestead laws of this state have always been liberally construed in favor of homestead rights. While it has been held that in figuring the quantity of land which one may select as his homestead in a city, the streets are to be excluded therefrom because, while there is title in the abutting owner to the center of the street, subject to the public easement, there is no right of use or occupancy other than for street purposes (*Weisbrod v. Daenicke,* 36 Wis. 73), it has never been held, so far as we have been able to discover as a result of a painstaking search, that this rule is applicable to lands situated without a city or village. As regards a homestead of forty acres located without a city or village, we cannot believe that the legislature intended that one-half of the area of abutting highways, or all of the area of traversing highways, should not be figured as a part of the forty acres selected. The rule applied to city lots is reasonable and seems necessary in order that the intent of the legislature may be made effective. As pointed out in *Weisbrod v. Daenicke, supra,* if a city homestead of not to exceed a quarter of an acre must include one-half of the area of the abutting street or streets, it would have the

effect of greatly limiting the size of such city homestead.
Especially would this be true in homesteads involving cor-
ner lots. To apply this rule to homesteads without a city
or village would seem to be unreasonable and unnecessary
in order fully to carry out the intention of the legislature.
Such a rule, if applied generally, would almost always per-
mit an owner or other person in choosing a homestead to
select a single government subdivision of forty acres and
such additional lands as would equal the area of abutting
or traversing highways. We do not think the statute should
be so construed.

But it does not follow that an owner may not select a
forty-acre homestead out of two different but contiguous
governmental subdivisions even though separated by a high-
way, although he may not select as his homestead discon-
nected parcels aggregating forty acres in area. *Kent v.
Agard,* 22 Wis. 150; *Binzel v. Grogan,* 67 Wis. 147, 29
N. W. 895; *Larson v. State Bank of Ogema,* 201 Wis. 313,
230 N. W. 132; *Bunker v. Locke,* 15 Wis. 635; *Hornby v.
Sikes,* 56 Wis. 382, 14 N. W. 278.

The northeast quarter of the northeast quarter of sec-
tion 27 was located immediately to the south of that part of
the southeast quarter of the southeast quarter of section 22
covered by the land contract and which latter description
included the land leased to the plaintiff. If the lands pur-
chased by Heintz and his wife had not been subject to the
plaintiff's lease there could be no question as to their abso-
lute right to select a homestead made up in part of lands
located in the northeast quarter of the northeast quarter of
section 27 and in part of lands located immediately to the
north thereof, across the highway, in the southeast quarter
of the southeast quarter of section 22.

Does the fact that the Heintzes purchased land in sec-
tion 22 which was subject to the plaintiff's lease, which made
it impossible for them actually and physically to occupy the

land so leased until the expiration of the lease in 1933, prevent them from acquiring a homestead in the leased premises? No Wisconsin case seems to have dealt with a similar situation. There is, however, authority elsewhere which supports the rule that a mere obstacle to an immediate occupancy will not prevent an owner of land from acquiring a homestead therein where immediate occupancy is prevented temporarily by an outstanding tenancy. 29 Corp. Jur. p. 805, § 51; *Hanlon v. Pollard,* 17 Neb. 368, 22 N. W. 767; *American Surety Co. v. Gibson,* 25 Okla. 206, 166 Pac. 112. We think that the mere fact that a part of lands purchased are leased, thereby preventing actual and physical occupancy, pending the expiration of the lease, which has not long to run, should not militate against the selection of a homestead therein which otherwise would be unimpeachable. It could hardly be claimed that if a person purchased forty acres of farm lands, ten acres of which were subject to a lease, that, pending the expiration of such lease, the owner would be permitted to select and claim a homestead only in thirty acres. To so hold would, it seems to us, be giving to our homestead statutes a strict rather than a liberal construction, out of harmony with the spirit of our prior decisions. We conclude that the right of Heintz to select a homestead, including the lands leased to the plaintiff, is one which must be vindicated.

Just what lands Heintz selected as his homestead upon the trial is not entirely clear as to description or measurements. However, it does appear without question or doubt that he did select that part of the southeast quarter of the southeast quarter which included the land leased to the plaintiff. In his answer he claimed such land as a part of the homestead. The mere fact that at the time he made his selection he also selected the northeast quarter of the northeast quarter, where his buildings were located, and which he believed contained only thirty-six and one-half acres, excluding the high-

ways, does not militate against his plainly expressed intent to select a part of the southeast quarter of the southeast quarter of section 22, which included the lands leased to the plaintiff. Heintz was entitled to select forty acres of land, including the highways, and no more. He clearly had the right to select forty acres from separate forties so long as the lands selected were contiguous and reasonably compact. The court was of the opinion that a homestead selection must be confined to the governmental subdivision on which the residence stands, if it contains forty acres, and that therefore Heintz could not select a part of his homestead from lands in another forty. This is not the law. The opinion which the court held, no doubt influenced the court in not requiring Heintz to specify with more exactness his homestead selection. It may be noted here that, although Pauline Heintz, the wife, was a joint owner of the premises in question she was not made a party to the action or given the opportunity to select a homestead. Without making her a party the homestead rights which she had a right to claim have never been adjudicated.

Having concluded that Heintz had a right to select a homestead of forty acres which included the land leased to the plaintiff, we have only to consider the effect of the homestead selection upon the contract which he entered into with the plaintiff company.

Sec. 235.01 provides in part as follows:

"But no mortgage or other alienation by a married man of his homestead, exempt by law from execution, or any interest therein, legal or equitable, present or future, by deed or otherwise, without his wife's consent, evidenced by her act in joining in the deed, mortgage or other conveyance, shall be valid or of any effect whatever, except a conveyance from husband to wife."

At the time Heintz entered into the contract he was a married man, and therefore the contract entered into with

the plaintiff, by him alone, was invalid and of no effect whatever.

In a similar action for specific performance of a written contract to exchange lands, which included the defendant's homestead but which contract the defendant's wife did not sign, and in the conveyance of which lands she refused to join, it was held that the contract was void *in toto,* could not be specifically enforced, could not be reformed so as to release therefrom the homestead rights, and could not be made the basis for an action for damages. *Rosenthal v. Pleck,* 166 Wis. 598, 166 N. W. 445. In that case sec. 2203, Stats. 1898, as amended by ch. 45, Laws of 1905, which was substantially the same as sec. 235.01 hereinbefore quoted, was construed. It must be held that that case clearly rules the present action. See, also, *Helander v. Wogensen,* 179 Wis. 520, 191 N. W. 964.

While the situation in which the plaintiff finds itself is very unfortunate, due particularly to the facts that its lease is about to expire and that it must either purchase its present factory site from the present owner, whose attitude toward the plaintiff seems to be decidedly antagonistic, or remove therefrom, no remedy is afforded to the plaintiff under the facts and circumstances of this case. Due to the fact that it failed to obtain the signature of Mrs. Heintz to its contract, it was void and of no effect.

*By the Court.*—Judgment reversed, with directions to dismiss the complaint.