Weisbrod vs. Daenicke.

---

WEISBROD VS. DAENICKE.

HOMESTEAD EXEMPTION. (1) *Statute to be liberally construed.* (2, 3) *Land of debtor in public street, not to be included.*

1. The *homestead exemption* act of this state must receive a liberal construction.

2. Said act exempts from sale on execution one-fourth of an acre of land within a "recorded town plat, or city, or village," and the dwelling house thereon, "owned *and occupied*" by the debtor as a homestead. *Held*, that the word "*occupied*" is to have a controlling effect in the application of the statute.

3. While, by the law of this state, the owner of a lot bounded by a street in a recorded town plat, city or village, takes the fee to the center of the street, he has no right to *occupy* any portion of such street as his homestead, such occupation and use being inconsistent with the public easement. Land included in a public street (or alley) is therefore *not to be reckoned* in determining the debtor's homestead exemption.

APPEAL from the Circuit Court for *Winnebago* County.

Ejectment. Complaint in the usual form; answer, a general denial. The nature of the testimony, and the charge of the circuit judge, sufficiently appear in the opinion.

Judgment for the plaintiff; from which the defendant appealed.

*James Freeman* and *Jackson & Halsey*, for appellant:

1. Conceding that the appellant owned more than a quarter of an acre, his homestead will consist of that quarter of an acre which was capable of being occupied as a home, and

was so occupied. *Bunker v. Locke*, 15 Wis., 635. He did not and could not occupy the public street. The law raises no presumption that he lived and occupied outside of his inclosure. If the lot were bounded on one side by a wide river, instead of a street, the rule would be same as in this case; or if the streets were of such width that the entire exemption could be laid out in the streets. 2. The land set off as exempt must be such as the defendant in execution owns in severalty. *West v. Ward*, 26 Wis., 579. But the public have some interest in the highway in common with the owner. *Hegar v. Chicago & N. W. R'y Co.*, 26 Wis., 624. 3. Exemption laws will be liberally construed. 7 Wis., 329; 15 Mass., 205, 196; 10 Met., 506.

*Felker & Weisbrod*, for respondent:

1. The defendant refused to make a selection of his homestead, and claimed the whole of each lot; and this was in law a claim to the center of the street and alley, it being settled that the owner of a lot in a city, bounded by a street, takes to the center of the street. 4 Wis., 321; 5 id., 32; 7 id., 85; 13 id., 692; 14 id., 609; 18 id., 35. 2. On the refusal of the appellant to select his homestead, the sheriff acted lawfully in making a survey and setting off to him in compact form one quarter of an acre on which was situate the dwelling house. 16 Wis., 167; 22 id., 141; 2 Tay. Stats., 1548, § 23. 3. Although the execution defendant has the right of selection, he will be held to a *reasonable* selection, in respect to the situation and shape of the premises. And if he refuses or neglects to select, or selects more than the law allows, he only has the right to choose the *point of beginning*. 2 Tay. Stats., 1549, § 26. There being no evidence on this subject, it must be presumed that the execution defendant either acquiesced in the point of beginning, or refused to have anything to do about it. And in either case he cannot now complain in respect to it. 4. The course adopted in this case was the most reasonable course. *Bunker v. Locke*, 15 Wis., 638.

COLE, J. The defendant occupies two lots in the city of Oshkosh. The lots are bounded on the south by a street which is sixty-four feet wide, and extend back to an alley which is twenty feet wide. Both lots are included in one inclosure; are now occupied by the defendant as a homestead, and were so occupied by him at the time of the execution sale which is the foundation of the plaintiff's title. The lots within the inclosure, extending from the north line of the street to the south line of the alley, contain less than one-fourth of an acre. When the lots are surveyed from the center of the street to the center of the alley, they exceed in area one-fourth of an acre by a strip eighteen feet wide from front to rear, that is, from the center of the street to the center of the alley, eighteen feet front on the street and extending back to the alley the same width. The sheriff sold on an execution against the defendant, a strip off the east side of the inclosure eighteen feet wide front, and running back north to the center of the alley, which strip is the premises in dispute, and for the recovery of which this action is brought. The single and only question involved in the case is, How much land does the statute secure to the debtor within a city for a homestead?

In this state the law is well settled that the owner of the adjoining lot takes to the center of the street. That is, the fee is in him to the center of the street, subject to the public easement. About this rule there is no controversy. And this being the case, the question is, In computing or ascertaining the quantity of land which the law exempts, should the land within public streets and alleys be included or excluded from the measurement? This question, we think, is quite satisfactorily determined by the statute itself upon this subject. The statute provides that a homestead, consisting of a quantity of land not exceeding in amount one-fourth of an acre, being within a recorded town plot, or city or village, and the dwelling house thereon, and its appurtenances, *owned and occupied* by any resident of the state, shall not be subject to forced sale on

execution. R. S., ch. 134, sec. 23. It is not only land which is *owned*, but land which is or may be *occupied* by the debtor for a homestead, which the law exempts. Now, as was forcibly observed by the counsel for the defendant, while the owner of a lot bounded by a street may take the fee to the center of the street, he had no right to *occupy* any portion of such street as his homestead. For any such use of the street by the owner would be utterly inconsistent and incompatible with the use of such street by the public. At the present term the law upon this subject was recognized and reaffirmed in substance as follows, viz : that while the owner of the abutting lot has an estate in fee to the center of the street, and has the right to the enjoyment of any use of his estate consistent with the servitude to which it is subjected, yet that he has no right to obstruct the street in front of his lot in an improper manner or for an unreasonable time. *Hundhausen v. Atkins, imp., ante*, p. 29. And it is too obvious for argument that the use of a street by the public, and its use and occupancy by the owner for a homestead, are wholly inconsistent with each other. The word "*occupied*" has controlling force in determining the question before us and the proper construction of the statute. The object of the statute doubtless is, to secure to the debtor a home—land which he may live upon, occupy and possess as and for a homestead. He has no right to occupy the street for such a purpose, to build upon it, to cultivate it, or to appropriate it to any domestic use. Now suppose the defendant's lots had been bounded by two wide avenues, like some in this city : is it not apparent, if the land in the streets is computed in the quantity exempt, that the owner would have but a small parcel which he could occupy as a home for his family ?

These considerations, and others which might be suggested, are deemed sufficient to show that the statute in regard to homestead exemption should receive no such construction as the one given it by the court below. The circuit court in effect held, that if the defendant had one-fourth of an acre, including

the land in the street and alley, after the strip was taken off from his inclosure, this was all the law allowed him; in other words, that the land to the center of the street in front of his lots, and to the center of the alley in the rear, must be computed in the amount assigned the defendant as a homestead, although, as we have already remarked, whatever was situated in the street or alley could not be used or occupied for any domestic purpose. The whole course of legislation on the subject of exemption in this state is opposed to this construction, and in favor of a more liberal rule. And when due importance is given the language of the statute, it will be seen that the exemption extends to the specified quantity which the debtor not only owns but may *occupy* for the purposes of a homestead.

These rules are decisive of this case.

*By the Court.* — The judgment of the circuit court is reversed, and the cause is remanded with directions to dismiss the complaint.