WILLIAM BULGER, Respondent, v. LANE D. ROBERTSON *et al.*, Appellants.

### Kansas City Court of Appeals, June 13, 1892.

1. Mechanics' Lien: GENERAL CONTRACT. An agreement to roof twenty-nine houses, more or less, at $170 each, is a general contract under section 6729, Revised Statutes, 1889, and the fixing of the rule of compensation does not convert it into various distinct and separate contracts.

2. ———: CONTIGUOUS LOTS: DEFINITION. Contiguous lots are lots that are bounded and described on recorded plats of cities and towns, and such as lie adjacent to each other, and the fact that the two houses for which the material was furnished may have another house between them, and the half lots on which the houses are situated are mortgaged to different persons, does not prevent such lots being contiguous.

3. ———: UNCERTAINTY OF LIEN ACCOUNT. The account in this case is examined and found sufficiently certain.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*I. J. Ringolsky,* for appellants.

(1) The improvements on houses were not "erected under one general contract," so as to entitle

50  499
120m 44

plaintiff to file one lien on all the houses and lots, under section 6729, of the Revised Statutes. There was a distinct contract to do the work on each house for $170. The language of the section is too plain to be mistaken, and that interpretation must be adopted which the words themselves import. *State v. Diveling*, 66 Mo. 379; Potter's Dwarris, 143–200; *Fitzgerald v. Thomas*, 61 Mo. 499–512; *Miller v. Hoffman*, 26 Mo. App. 204. (2) The next objection to the lien is that it is uncertain and meaningless. From the account it cannot be ascertained which house the plaintiff asks for and is entitled to a lien on, and, therefore, the account is so uncertain, that it is notice to no one, especially as against the rights of the third parties. Nor is the description such as to enable anyone to identify which one of the houses on lot 19 plaintiff was entitled to lien on. *Matlock v. Lare*, 32 Mo. 264. (3) The lien should have been dismissed because the lots are not contiguous. "The words, 'lot of land,' plainly refer, in our opinion, to the lots as bounded and described on the recorded plats of such towns, etc., or as subdivided and bounded by conveyances of the owners thereof, or other acts done by them for that purpose." *Fitzgerald v. Thomas*, 61 Mo. 500, 501; *Holland v. McCarty*, 24 Mo. App, 90, 91.

*Jas. F. Mister* and *Heitman & Robinson*, for respondent.

(1) The mechanics' lien law must be liberally construed. *De Witt v. Smith*, 63 Mo. 263; *Holyhour v. Meer*, 59 Mo. 434; *Gibson v. Nagel*, 15 Mo. App. 596; *Oster v. Rabeneau*, 46 Mo. 595; *Putnam v. Rose*, 46 Mo. 336; *McAdow v. Sturtevant*, 41 Mo. App. 220; *Hayden v. Logan*, 9 Mo. App. 492. (2) Cases construing section 6729, Revised Statutes, 1889, in regard to when joint

liens may be filed: *Heier v. Meisch*, 33 Mo. App. 35; *Schroeder v. Mueller*, 33 Mo. App. 28; *O'Leary v. Roe*, 45 Mo. App. 567; *Twitchell v. Devens*, 45 Mo. App. 283; *Deardorff v. Roy, ante*, p. 70. (3) The mingling of lienable with non-lienable items, where the two are separable, will not vitiate the entire lien, *Deardorff v. Roy, supra; Johnson v. Building Co.*, 23 Mo. App. 546; *Pullis v. Hoffman*, 28 Mo. App. 666; *Kershaw v. Fitzpatrick*, 3 Mo. App. 575. (4) The lien is clear and specific in this, to-wit, that all of the materials and labor specified in the account went into the three two-story brick buildings situated upon lots 18 and 19. Our statute does not require the apportionment of the labor and material amongst the various houses erected under one general contract on contiguous lots. *Lyon v. Logan*, 68 Tex. 521; *Lax v. Peterson*, 42 Minn. 214; s. c., 44 N. W. Rep. 3.

GILL, J.—Defendants owned a number of fifty-foot lots in Westport, and conceived the idea of constructing thereon some two-story brick houses—each house to occupy a frontage of twenty-five feet, so that there would then be on each lot two houses. It seems to have been the original intention to construct twenty-nine of these houses, and work was begun with that in view.

Plaintiff entered into an agreement with defendants to furnish the materials and do all the work necessary for roofing the several houses. He was to complete the roofing—putting on all the slate and tin work—and was to receive therefor $170 for each house that defendants might erect, whether twenty-nine houses or less. Two houses were completed, and plaintiff supplied the necessary slate and tin to roof them in; a third house was brought nearly to completion, and on this plaintiff placed the necessary tin work preparatory for the slate.

But here the owners ran out of money, and abandoned the enterprise. Plaintiff failed to get pay for the work done, and brought this action to enforce a mechanics' lien against the lots on which the houses were erected. Plaintiff sought by this action to establish one lien for the tin and slate work done on three houses, situated on the two platted contiguous town lots, numbered 18 and 19, of Dudley's addition to Westport. The lots were each fifty feet, fronting north, and lot 18 adjoined 19 on the west. One house was built on the east half of 18, one on the west half of 19, and the other on the east half of 19. The two outside houses (that is, those erected on the east half of 18 and the east half of 19) had both tin and slate work, while the middle house (or that one erected on the west half of 19) only had tin work. All the material and labor furnished in roofing the three houses was contained in one lien account, but the items of tin and slate were stated separately. At the trial the court excluded the lien account, for the tin work, on the ground that it was not sufficiently itemized, but permitted the lien to be established for the slate work which was done on the east half of 18 and the east half of 19.

Plaintiff had a judgment for the enforcement of a mechanic's lien against both lots 18 and 19, for the work thus done and materials furnished for the two houses on the east half of 18 and east half of 19, and defendants appealed.

The right to the enforcement of one lien for this work done on the two separate buildings on two distinct lots must come from section 6729 of the present mechanics' lien law. That statute, in effect, provides that only one lien shall be necessary where the separate buildings shall be erected under *one general contract* and *upon contiguous lots*.

Bulger v. Robertson.

I.   It is insisted by defendants' counsel that plaintiff did not furnish this labor and material on these separate houses on different lots, *"under one general contract."* We bear in mind the oral and printed argument of defendants' counsel in this matter, but must say that we are not convinced of its soundness.   The testimony shows that Bulger contracted with the owners to roof each and all of the houses they were then building, and about to erect, on these adjacent lots,—whether one, two or the whole contemplated twenty-nine,—and the price fixed was $170 per house.   It was a *general* contract in that it was not special or particular, or confined to any single and definite building—it related to all. It comprehended the doing of work on the entire number of buildings then in course of construction. Whether the agreement was to roof ten buildings at $170 each, or ten buildings for the gross sum of $1,700; in either case it would surely be known as *one general* contract.   The rule adopted by the parties merely to fix the amount of compensation to be paid would clearly not destroy the general nature of the understanding and agreement, nor convert such one general contract into various distinct and separate contracts.

II.   As a further objection to the enforcement of this lien it is claimed that these two buildings are not *"upon contiguous lots."*   This contention has for its basis the fact, that although the two houses on which the slate work was done are located on *adjoining platted lots*, yet as the two buildings are apparently separated by another house (also located on one of the lots), and that the owner had made separate deeds of trust on each half lot, then it is contended that this effected a division of said fifty-foot lots into twenty-five-foot lots, and that the two houses on which the work was done were thus thrown on lots that were not contiguous. We must hold this point, too, against the defendants.

"Contiguous lots," referred to in the statute, are intended to mean the lots that are bounded and described on the recorded plats of cities and towns (where there is any such platting), and such as lie adjacent or adjoining to each other. *Fitzgerald v. Thomas*, 61 Mo. 500. Lots 18 and 19, on which are situated the two buildings in part constructed by this plaintiff, are adjoining, platted lots, and are, therefore, contiguous lots.

III.   Neither is there any merit in the further objection that the lien as filed is uncertain and meaningless. The account, it is true, mentions certain tin work done by the lienor on the three houses situated on the two lots, and these items were by the court excluded, because not specifically itemized. However, the non-lienable are easily separated from the lienable items, and, with these out, there remained a just and true account of the slate work done on two houses. The account on the slate work reads: "January 20, to twenty-four squares to each of the two houses, one on lot 18 and one on lot 19—$192." This was that "true description of the property, or so near as to identify the same, upon which the lien is intended to apply," etc., as required by section 6709 of the mechanics' lien statute.

As against the defendants, there appearing no error in the record, the judgment is affirmed. All concur.