T. W. Griffin, *v.* The Denison Land Co., and all Other Persons Unknown Claiming any Estate or Interest or Lien or Incumbrance Upon the Property Described in the Complaint, and Their Unknown Heirs, Defendants. The Denison Land Co., Defendant and Appellant.

Opinion filed December 31, 1908.

Rehearing denied February 26, 1909.

### Newspapers — "Daily and Weekly" — Publication of Delinquent Tax List.

1. A paper published each week under the name the "Bismarck Weekly Tribune," by the same parties who publish a daily paper under the name the "Bismarck Daily Tribune," such weekly being composed of matter printed in the Daily Tribune and set out from day to day for publication in the weekly, is a weekly edition of the Bismarck Daily Tribune within the meaning of section 1259, Rev. Codes 1899 (section 1574, Rev. Codes 1905.)

### Same — Sufficiency of Designation.

2. Section 1259, Rev. Codes 1899 (section 1574, Rev. Codes 1905), relating to the publication of the delinquent tax list and notice of sale, provides that: "The county auditor under the direction of the board of county commissioners or a majority thereof, shall give notice of the sale of real property by publication thereof once a week for three consecutive weeks, * * * in such newspaper as may be designated by the county commissioners for that purpose in the county. * * * In counties having daily papers, the delinquent list shall be published in one issue of the daily edition and in two issues of the weekly edition of the same paper so selected by the board of county commissioners." By resolution the board of county commissioners of Burleigh county directed the publication of the delinquent tax list and notice of sale for 1898 taxes in the Bismarck Daily Tribune. Such list and notice were published in one issue of the Bismarck Daily Tribune and in two issues of the Bismarck Weekly Tribune. *Held,* that such resolution and publication was a compliance with the statutory provisions quoted, and the publication so made valid.

### Taxation — Description of Premises.

3. The correct description of the land assessed is essential to a valid tax.

### Same — "Words and Phrases" — "Contiguous Tracts."

4. Section 1480, Rev. Codes 1905 (section 1176, Rev. Codes 1899) defines "tract" as applied to land, when that word is used in the revenue law, as any contiguous quantity of land in the possession of, owned by, or recorded as the property of the same claimant, person,

or company. *Held,* that the word "contiguous" in that connection means land which touches on the sides, and that two quarters of the same section, which only touch at the corners, do not constitute for the purpose of taxation, one tract or parcel of land.

### Same — Description of Premises — Two Tracts Assessed Together.

5. The assessment of two tracts of land as one tract renders the entire tax proceeding void. State Finance Co. v. Beck et al., 15 N. D. 374, 109 N. W. 357. Hence the assessment of two quarters of the same section, which touch only at corners, is a void assessment and renders all proceedings based thereon invalid, and the holder of a tax deed resting on a sale for unpaid taxes levied under such assessment cannot recover from the owner of the land the taxes paid under claim of ownership based upon such tax deed.

Appeal from District Court, Burleigh county; *Winchester,* J.

Action by T. W. Griffin against the Denison Land Company. Judgment for plaintiff, and defendant appeals.

Affirmed in part, and reversed in part, with directions.

*Newton & Dullam, D. L. Boynton,* of counsel, for appellant.

The designation of the newspaper was sufficient. Fisher v. Betts, 12 N. D. 197, 96 N. W. 132; Knight v. Alexander, 37 N. W. 796; Reimer v. Newell, 49 N. W. 865; Sperry v. Goodwin, 46 N. W. 328; Cass County v. Security Imp. Co., 7 N. D. 520, 75 N. W. 775; Emmons Co. v. Bank, 9 N. D. 583, 81 N. W. 22.

The word "contiguous" means in actual contact, touching also adjacent, near, neighboring, adjoining. Century Dictionary; Cyc.; 3 Am. & Eng. Enc. Law (1st Ed.) 803; State Finance Co. v. Beck, 15 N. D. 374, 109 N. W. 357.

The section is the unit of measurement of land and different subdivisions are one tract. Martin v. Cole, 38 Iowa, 141; Farnham v. Jones, 19 N. W. 83; Hall's Heirs v. Dodge, 18 Kan. 280; Weaver v. Grant, 39 Ia. 294.

Omission of description from notice does not vitiate sale. Shawler v. Johnson, 52 Ia. 472; Allen v. Armstrong, 17 Iowa 508; Hurley v. Powell, 31 Iowa 64; Madison v. Sexton, 37 Iowa 562; Slocum v. Slocum, 30 N. W. 562; Davis v. Magoun, 80 N. W. 423.

Legislature can make deed conclusive evidence of recitals therein. Allen v. Armstrong, supra.

*Mockler* & *Johnson,* for respondent.

Omission to designate newspaper for publication of notice of tax sale is fatal to proceedings thereunder. Cass County v. Security Improvement Co. 7 N. D. 528, 75 N. W. 775; Russell v. Gilson, 31 N. W. 692; Eastman v. Linn, 2 N. W. 693.

Power to sell land for taxes is a naked power, and strict compliance with statute essential. Woodbridge v. State, 43 N. J. Law, 262, 270, and cases cited; Hooper v. Ex'rs, 16 N. J. Eq. 382; Williams v. Peyton, 4 Wheat. 77; Early v. Doe, 16 How. (U. S.) 608.

Assessment and taxation of two tracts as one render entire proceeding a nullity. State Finance Co. v. Beck, 15 N. D. 374, 109 N. W. 357; Boardman v. Bourne, 20 Ia. 134; Ackley v. Sexton, 24 Ia. 320; Martin v. Cole, 38 Ia. 141; Linn County Bank v. Hopkins, 28 Pac. 606, 27 Am. St. Rep. 309.

"Contiguous" means touching sides, adjoining, adjacent. Two tracts touching at one point only are not contiguous. Linn Co. Bank v. Hopkins, supra; Kresin v. Mau, 15 Minn. 87 (Gil).

In absence of things inherently essential to a valid tax, payment as a condition of relief is not required. Finance Co. v. Beck, 15 N. D. 374, 109 N. W. 357; Roberts v. Bank 8 N. D. 504, 79 N. W. 1049.

SPALDING, J. This action was brought to quiet title to the S. E. ¼ of section 2 in township 139, range 81 and the N. E. ¼ and the S. W. ¼ of section 22 in township 140, range 81, in Burleigh county. The plaintiff claims to be the owner in fee. The defendant claims to be the owner by virtue of two certain tax deeds issued on sales of said land for taxes for the year 1908, one deed being for the S. E. ¼ of section 2, and the other for the two quarters named in section 22. No question is made about the title being adequate to warrant the relief which the plaintiff seeks if the tax titles of the defendant are invalid.

The first objection made to respondent's title applies to both tax deeds, and is the only one made to the validity of the first deed mentioned. It goes to the sufficiency of a resolution passed by the board of county commissioners of Burleigh county designating the newspaper in which to publish the notice of sale of lands for delinquent taxes for the year 1898, and the publication thereunder. Plaintiff had judgment quieting title in him as against defendant and these tax deeds in the district court. If the resolution referred to was adequate and sufficient under the provisions of the law,

appellant is entitled to a reversal of the judgment in the district court as to the S. E. ¼ of section 2, but other questions are raised on his title to the other two quarters. If, on the other hand, the resolution was insufficient, appellant's title must fail as to all three tracts described. Section 1259, Rev. Codes 1899 (section 1574, Rev. Codes 1905), as far as material to this controversy, reads as follows: "The county auditor, under the direction of the board of county commissioners, or a majority thereof, shall give notice of the sale of real property, by publication thereof once a week for three consecutive weeks, * * * in such newspaper as may be designated by the county commissioners for that purpose in the county. * * * In counties having daily papers, the delinquent list shall be published in one issue of the daily edition and in two issues of the weekly edition of the same paper, so selected by the board of county commissioners." The resolution of the county commissioners directing the publication of the delinquent tax list for 1898 taxes, and the notice of sale, designated the Bismarck Daily Tribune as the official paper in which to make the publication of such list. The record shows that the list was published in one issue of the Bismarck Daily Tribune and in two issues of the Bismarck Weekly Tribune, that the papers are published by the same parties, and that the weekly is made up of the contents of the different issues of the daily.

It is contended that, to comply with the law, it was necessary in such case for the county commissioners to direct the publication in one issue of the daily and in two issues of the weekly, each by name, and, having failed to do so, that no legal or valid publication was made. It is also intimated that the "Bismarck Daily Tribune" and the "Bismarck Weekly Tribune" are separate and distinct newspapers; in other words, that the Weekly Tribune is not the weekly edition of the Daily Tribune. It is conceded that this resolution is jurisdictional. We are cited to no authorities which we consider directly in point to sustain respondent's construction of the statute. He cites Russell v. St. Paul, M. & M. Ry. Co, 36 Minn. 366, 31 N. W. 692. In that case the Minneapolis Tribune was designated as the paper in which the delinquent tax list should be published. The Tribune Company published two papers, one the "Minneapolis Weekly Tribune," and the other the "Minneapolis Daily Tribune." The list and notice were published in the "Minneapolis Weekly Tribune." The statute required simply a designation by resolution of the paper in which the list and notice were to

be published, and said nothing about daily and weekly papers or issues. The Minnesota court held that the order directing the publication named a paper which did not exist, and that from such order the public would be unable to ascertain where to look for the published list. That court said: "An omission by the board to designate any newspaper, or publication in any other than the one designated by it, would be fatal to any judgment entered thereon." He also cites Cass County v. Security Improvement Company et al., 7 N. D. 528, 75 N. W. 775, and that case is in principle identical with the Minnesota case. The designation was the "Fargo Forum," when, in fact, two papers were published, neither of which was named by the resolution. As we have said, we do not consider these authorities as sustaining respondent's contention. The statute did not require publication in both daily and weekly editions, and the resolutions designated neither the daily nor the weekly, but a paper which did not exist in either case. Neither does the appellant cite any authorities in point.

In the case at bar a paper was published in Burleigh county, known as the "Bismarck Daily Tribune." It was a daily paper. If the fact that the word "Daily" appeared in its title and the word "Weekly" in the title of the other makes two separate and distinct papers, and not daily and weekly editions of the same paper, in a legal sense, then no legal publication of the delinquent tax list and notice of sale could be made, as no provision is made for publication in papers which have only a daily or only a weekly edition in counties in which a daily paper is published, as the publication in a daily paper and also in a separate weekly paper is not authorized by the statute. A weekly edition of the Tribune was also published. Necessarily the Weekly Tribune could not be called or named the "Bismarck Daily Tribune," because such a name would be misleading and furnish no means by which to distinguish the weekly issue from the daily. The law directs what shall be done in counties in which a daily paper is published, namely, that the delinquent list shall be published in one issue of the daily edition and in two issues of the weekly edition of the same paper. Read in connection with the law, the resolution of the board of county commissioners designating the "Bismarck Daily Tribune" notified the public where to look for one publication of the notice; read in connection with the law, the resolution also notified the public that a weekly edition of the Tribune was published, and to look in that edition for the other

two publications of the notice.  In proceedings of this kind, based upon a statute, the public must of necessity inspect the statute and be guided by its requirements, and when the statute prescribes that one publication shall be made in the daily edition and two in the weekly, and the resolution names the daily, it necessarily follows that the other two publications must be made in the weekly, and no further direction on that subject need be contained in the resolution.  Indeed, if the resolution had also specified the Weekly Tribune, it would have added nothing to the information which the statute in connection with the resolution gave either the public or the owner of the land.  We must hold that the resolution was sufficient, and so holding settles the title to the S. E. ¼ of section 2.

We come now to the questions relating to the N. E. ¼ and the S. W. ¼ of section 22.  It will be necessary only to refer to one of the questions raised.  These tracts were assessed as one separate piece of land and were sold as such.  If this description is not in substantial conformity with the requirements of the statute, all proceedings based on such assessment must be held invalid.  The correct description of the land assessed is essential to a valid tax. State Finance Co. v. Beck et al., 15 N. D. 374, 109 N. W. 357.  This court has very recently held that the assessment of two tracts as one renders the entire proceedings void.  State Finance Co. v. Beck et al., supra; Roberts v. Bank, 8 N. D. 504, 79 N. W. 1049.  But in the Beck Case the tracts assessed were 80 rods apart, while in the case at bar the lands described corner each other, and touch nowhere except at the corners.  The validity of this assessment therefore depends upon the determination of whether two quarters of the same section which corner are, within the meaning of the tax law, one tract of land.  Whatever construction may be placed upon the meaning of the word "tract" in relation to sales under foreclosure of mortgages or on execution, it does not necessarily follow that the same meaning should apply to the word as used in the revenue law.  Section 1480, Rev. Codes 1905 (section 1176, Rev. Codes 1899) in defining words and terms used in the revenue law, uses this language: "The terms 'tract or lot,' and 'piece or parcel of real property,' or 'piece or parcel of land,' mean any contiguous quantity of land in the possession of, owned by, or recorded as the property of the same claimant, person or company."·  It will be seen from this that the correct interpretation of the word "tract," as used in the revenue law, and the consequent validity or invalidity

of the assessment in question, depends upon the meaning of the word "contiguous" or the term "contiguous quantity of land." The authorities are in direct conflict on this subject. We shall not take the time to analyze and refer to all the cases. We will, however, say that authorities construing the homestead law are in point in construing the revenue law, while any construction we may place on these terms in the revenue law may not apply to the homestead law. We arrive at this conclusion for the reason that homestead exemptions are looked upon with favor, and the laws providing for them are generally liberally construed, while tax laws usually recieve a strict construction.

We have made a careful examination of all the authorities which we find attempting to define the word "contiguous" in its application to tracts or bodies of land. The Century Dictionary defines the word as: "Touching; meeting or joining at the surface or border." The Standard Dictionary: "Touching or joining at the edge or boundary; close together; adjacent, adjoining; followed by to." The Thesaurus Dictionary defines "contiguous" as "touching or joining at the edge or boundary." Webster says it is from the Latin word "contiguus," akin to contingere, "to touch on all sides," and then follows this definition: "In actual contact; touching; also adjacent; near, neighboring; adjoining." He refers for an illustration of its meaning to "contiguous angles," and defines "contiguous angles" as such angles as have one leg common to both angles. Applying the Webster definition of contiguous angles, which we think furnishes the most pertinent definition of the word in this connection, "contiguous tracts of land" must be tracts or bodies of land which has one side, or at least part of one side, in common. Following this construction, two quarter sections of land which only touch at the corner, no parts of the sides being common, do not constitute "contiguous bodies of land." This question was passed upon in Bank v. Hopkins, 47 Kan. 580, 28 Pac. 606, 27 Am. St. Rep. 309, wherein the word "contiguous" is defined as "touching sides, adjoining, adjacent," and it is there held that two tracts of land touching only at one point are not contiguous. The same conclusion was arrived at in Minnesota, where it was held that two tracts of land mutually touching only at a common corner, a mere point, cannot, according to any authority or authorized use of the language, be spoken of as constituting one body or tract of land. Kresin v. Mau, 15 Minn. 116 (Gil. 87). To the same effect, see

Bulger v. Robertson, 50 Mo. App. 499, where "contiguous lots" are held to be such as lie "adjacent or adjoining to each other." In Holston S. & P. Co. v. Campbell, 89 Va. 396, 16 S. E. 274, it is held that the primary meaning of the word "contiguus" is in actual contact, or touching, and the court says: "It is not synonymous with 'adjacent,' although sometimes used in that sense, and vice versa." And Worcester's Dictionary is quoted as authority to the effect that: "What is adjacent may be separated by the intervention of some other object; what is contiguous must touch on one side." We think that the meaning of the word "contiguous" is to some extent comparative, and depends considerably upon the context and the subject under consideration. We conclude that in the use of that word in the tax law it means that two tracts of land touching only at a mere point at the corners cannot be considered as contiguous tracts or quantities of land. It follows that the tax title of appellant to the N. E. ¼ and the S. W. ¼ of section 22 is invalid. For the same reason appellant cannot recover taxes paid on these two quarter sections.

The judgment of the district court is affirmed as to the N. E. ¼ and the S. W. ¼ of section 22 in township 140, range 81, and reversed as to the S. E. ¼ of section 2 in township 139, range 81, and that court is directed to enter judgment quieting title in the respective parties accordingly. The appellant will recover costs. All concur.