E. R. MOORE, Appellant, v. ADAM BESLER, Louise Besler, Louisa Besler, Louisa Baesler, Adam Baesler, E. A. Konantz, Jacob Satre, Peter Braun, John P. Galbraith, Hans P. Jacobsen, and J. K. Murray, Copartners as Jacobsen & Murray, Northwestern Improvement Company, a Corporation, and All Other Persons Unknown, Claiming Any Estate or Interest in, or Lien or Encumbrance upon, the Property Described in the Complaint, Respondents.

(167 N. W. 218.)

**Statutes— construction — tax deed — validity of — lands described — sold in separate tracts — must have been — sale en masse — not valid.**

Sections 2122, 2123, and 2124, Compiled Laws of 1913, construed, and, it is *held*, that in order that a tax deed may be valid, the lands described therein must have been assessed and sold in separate tracts, when they were as a matter of fact in two tracts, noncontiguous and with 80 rods intervening.

Opinion filed March 11, 1918.

Action to determine adverse claims.

Appeal from the District Court of Morton County, Honorable *J. M. Hanley,* Judge.

Judgment for defendants. Plaintiff appeals.

Affirmed.

*J. A. Hyland,* for appellant.

The law does not require lands to be listed in separate tracts for assessment and taxation purposes. The assessor is only required to assess the lands as found on the lists as prepared by the auditor. Code, § 2127; Griffin v. Dennison Land Co. 119 N. W. 1041; State Finance Co. v. Beck, 109 N. W. 357.

*A. T. Faber,* for respondents.

The assessment of two separate tracts of land as one parcel is invalid and void. Therefore the whole tax proceedings in relation thereto and the sale are void. State Finance Co. v. Beck, 15 N. D. 374, 109 N. W. 357; Griffin v. Dennison Land Co. 18 N. D. 246, 119 N. W. 1041.

BRUCE, Ch. J. The only question which is involved in this case is whether, in order that a tax deed may be valid, the lands described therein must have been assessed and sold in separate tracts, when they were in two tracts noncontiguous and with 80 rods intervening.

This question has been twice passed upon by this court, and in both cases the proceedings and the deeds were held to be entirely void. See State Finance Co. v. Beck, 15 N. D. 374, 109 N. W. 357; Griffin v. Dennison Land Co. 18 N. D. 246, 119 N. W. 1041.

Counsel for appellant, however, contends that these cases were decided without a thorough examination of the question, and without a recognition of the fact that the statute requires that the tax list shall be made by the auditor, that there is no requirement that such auditor shall list the property in separate tracts, and that the assessor is only required to assess such lands as are "listed for taxation."

The statutes are as follows:

Section 2123 of the Compiled Laws of 1913: "He [auditor] shall make out in the real property assessment book a complete list of all lands or lots subject to taxation (showing the names of the owners, if to him known, and if unknown, so state it) the number of acres and the lots and parts of lots on the blocks included in each description of property."

Section 2122: "He [auditor] shall value each article or description of property," etc.

Section 2127: "He [assessor] shall by actual examination determine the true and full value of each tract or lot of real property listed for taxation, and shall enter the value thereof in one column and the value of all improvements and structures thereon in another column, opposite each description of property."

Counsel contends that § 2127 does not require the value of each tract to be assessed and stated, but only the value of "each tract or lot of real property *listed* for taxation."

We think, however, that there is no merit in this contention. Section 2127 clearly makes it the duty of the assessor to, "by actual examination, determine the true and full value of each tract or lot of real property listed for taxation." It is clear also that though the auditor's list did not specifically state that there were two tracts of land the description itself did. The assessor's list described the property as

lot 4, and the southeast quarter of section 18, township 135, north range 89, west; and the fact that there were two noncontiguous tracts could not, except by the use of separate lines, have been made any more apparent.

The judgment of the District Court is affirmed.

GRACE, J. I concur in the result.