STARR v. CITY NATIONAL BANK.

Opinion delivered January 12, 1925.

1. HOMESTEAD—SELECTION OF STREETS AND ALLEYS.—Under Const., art. 9, § 5, exempting to a debtor his urban homestead, "owned and occupied as a residence," consisting of not "less than one-quarter of an acre of land without regard to value," a debtor required to select his homestead out of two lots exceeding a quarter of an acre in area, is not required to select as part of such homestead a portion of the streets and alleys adjacent to such lots, though he may own the fee to the middle of the streets and alleys, since the streets and alleys are not "occupied" by him to the exclusion of the public.

2. HOMESTEAD—ARBITRARY SELECTION.—While a debtor, in selecting an urban homestead, may not arbitrarily select the area so as to destroy or impair the value of the remainder to the injury of his creditors, the selection of a corner lot and part of an adjoining lot not exceeding one-fourth of an acre in area cannot be characterized as an arbitrary and capricious selection.

Appeal from Sebastian Chancery Court, Fort Smith District; *J. V. Bourland,* Chancellor; reversed.

*Hill & Fitzhugh,* for appellant.

The Constitution, art. 9 § 5, permits the selection of the homestead. As long as the debtor selects his homestead in the ordinary manner, his wishes should be respected by the courts. 73 Ark. 174; 73 Ark. 266. The land selected must be suitable for a home. 89 Ark. 506. Appellant never owned the streets and alley, nor could he occupy them as a homestead, hence his homestead claim could not be reduced by the area of the streets and alley. 36 Wis. 73.

*James B. McDonough,* for appellee.

Abutting property owners own to the middle of the street. 77 Ark. 579; 24 Ark. 102; 135 Ark. 498; 150 Ark. 437; 50 Ark. 467; 51 Ark. 491. The city only has an easement in the streets and alleys. The owner may bring ejectment against any one occupying the streets. 123 N. Y. S. 691; 110 Minn. 228. Owner may use street or alley subject to public easement. 262 Ill. 358; 197 Mass. 199; 183 Mich. 452. A person may sell his property right

to the street. 145 Wis. 663. Upon the abandonment of the street, the land reverts to the abutting property owner. 87 Kan. 835; 172 Mich. 201; 255 Mo. 519; 70 Fla. 484. In determining the quantity of a homestead, an easement is not considered. Waples, Homestead & Exemptions, p. 150; Thompson, Homestead & Exemptions, p. 136. This court in effect held that a highway was not to be excluded. 76 Ark. 575. See also 116 Ark. 131; 123 Ark. 200; 67 Ark. 232; 62 Ark. 140; 12 Kan. 257.

HUMPHREYS, J. This is the second appeal of this case. On the former appeal the court ruled that the lots owned and occupied by Starr in the city of Fort Smith, and claimed by him as a homestead, exceeded $2,500 in value and one-fourth of an acre in area, and that the area in excess of one-quarter of an acre was subject to the claims of his creditors, but that he was entitled to claim one-fourth of an acre, irrespective of value, out of said lots as exempt against the claims of his creditors. The trial court had subjected the whole property to the payment of Starr's debt, and this court reversed its decree in so far as it subjected his homestead to the extent of one-fourth acre to the claims of his creditors, and remanded the cause, with instruction to allow Starr to select one-fourth of an acre as his homestead. *Starr* v. *City National Bank,* 159 Ark. 409.

Upon the remand of the cause, Starr selected lot 7 and 27¾ feet off of lot 8, and adjoining lot 7, as his homestead. The house stood upon lot 7, and the actual area selected by him was a fraction less than one-fourth of an acre. Lot 8 had been used in connection with lot 7 as a part of the homestead. These lots are all 50x140 feet, fronting on South Ninth Street, which is fifty feet wide, and running back to an alley twenty feet wide. Lot 7 is a corner lot lying lengthwise and adjacent to South C Street, which is also fifty feet wide.

Appellees questioned the right of Starr to select this particular area as his homestead, contending that, in estimating the one-fourth of an acre to which he was entitled, he was compelled to take into consideration

one-half the streets and alley adjacent to the lots and to include them in the area selected. This contention was based upon the theory that appellants owned the fee to the center of the street and alley adjacent to lots 7 and 8. The trial court adopted the theory advanced by appellees, and, in estimating the area to which Starr was entitled as his homestead, included the surface to the center of the streets and alley adjacent to lot 7, and restricting him to the selection of lot 7 only, and subjecting all of lot 8 to the payment of the claims of appellees, from which is this appeal.

Issue was joined between appellants and appellees as to whether, under the act of Congress donating the lands, of which lots 7 and 8 are a part, to the city of Fort Smith, and the patent issued pursuant thereto, Starr owned the fee to the center of the streets and alley adjacent to said lots, but we deem it unnecessary to decide this question, under our interpretation of the meaning of the words "owned and occupied as a residence" contained in § 5, article 9, of the Constitution of Arkansas, which is as follows:

"The homestead in any city, town or village, owned and occupied as a residence, shall consist of not exceeding one acre of land, with the improvements thereon, to be selected by the owner, provided the same shall not exceed in value the sum of two thousand five hundred dollars, and in no event shall such homestead be reduced to less than one-quarter of an acre of land, without regard to value."

The meaning of this section is that the owner may select an area as a homestead out of lands owned and occupied by him as a residence. In selecting the area he is not compelled to select any part of streets and alleys adjacent to the lot or lots upon which his residence stands, although he may own the fee to the middle of the streets and alleys in which the public owns the easement. He cannot occupy the streets and alleys to the exclusion of the public, and the purpose and intent of the section was to allow the owner to select an area as

his homestead which he both owned and occupied exclusively. In a proper interpretation of the section, emphasis should not be given to the word "owned" to the exclusion of the word "occupied." Both ownership and occupancy are necessary elements in the selection of a homestead, under this section of the Constitution. If the contention made by appellees is correct, one owning a homestead on a very wide street would be restricted to a narrow space for the actual occupancy of himself and family. Of course, the owner will not be permitted to select an area surrounding his residence in such an arbitrary, capricious and unreasonable shape as to destroy or impair the value of the remainder of the land, to the unnecessary injury of his creditors (*Sparks* v. *Day,* 61 Ark. 570), but the selection of a corner lot and a part of an adjoining lot which does not exceed one-fourth of an acre in area, cannot be characterized as an arbitrary and capricious selection.

Under an act in Wisconsin exempting one-fourth of an acre of urban property, and the dwelling-house thereon, "owned and occupied" by a debtor as a homestead, it was held by the Supreme Court of the State that, in determining the debtor's homestead exemption, land included in a public street adjoining the property, in which the debtor owned the fee, subject to the public easement, should not be considered. The reason assigned was that controlling effect should be given to the words "occupied" in construing the statute. *Weisbrod* v. *Daenike,* 36 Wis. 73. It will be observed that the language used in the Wisconsin statute is similar to that used in § 5, article 9, of our Constitution.

On account of the error indicated the decree is reversed, and the cause is remanded with instructions to allow Starr all of lot 7 and 27¾ feet adjoining lot 7 off of lot 8 for his homestead, as exempt from the claims of appellees.