WILLIAM R. BECHTEL, Secretary Department of Local Affairs andDevelopment
You have requested my opinion on a series of questions relating to the calculation of land area for purposes of construing and applying sec. 236.02 (8), Stats., and Wis. Adm. Code section H 65.03. Section 236.02 (8), Stats., defines "subdivision" for purposes of ch. 236, Stats.:
 "(8) `Subdivision' is a division of a lot, parcel or tract of land by the owner thereof or his agent for the purpose of sale or of building development, where:
 "(a) The act of division creates 5 or more parcels or building sites of 1 1/2 acres each or less in area; or
 "(b) Five or more parcels or building sites of 1 1/2 acres each or less in area are created by successive divisions within a period of 5 years."
The significance of this section is its specification of the conditions under which a division of land will trigger the application of ch. 236, Stats.
Your first question, which appears substantially identical to your questions four (c) and five, is as follows:
 "If a lot abuts a public road or street, does the total lot size (area) include the land extended to the middle of the road or street?
 "a. Is the answer to this question affected by the status of a public street. Specifically, does it make a difference if the public street is a town road, city street, County Trunk Highway, State Trunk Highway or Federal Highway?"
I assume this question is asked in light of the long-standing Wisconsin rule, stated in Walker v. Green Lake County, 269 Wis. 103,69 N.W.2d 252 (1955), quoting from 25 Am. Jur. Highways, sec. 132, p. 426, as follows:
 "In the absence of a statute expressly providing for the acquisition of the fee, or of a deed from the owner expressly conveying the fee, when a highway is established by dedication *Page 3 
or prescription, or by the direct action of the public authorities, the public acquires merely an easement of passage, the fee title remaining in the landowner."
The leading case on the subject appears to be Spence v. Frantz,195 Wis. 69, 217 N.W. 700 (1928):
 "It has long been the established law in Wisconsin that the abutting owner has title to the center of the highway or street adjacent to his property, subject to the public easement. It is equally clear that the conveyance of abutting property transfers the legal title to the land to the center of the adjacent street or highway, in the absence of a clear intent to the contrary, even where the conveyance names the highway as the boundary of the parcel conveyed. Gove v. White, 20 Wis. 425, 432." 195 Wis. at 70.
The same rule is applied to the owners of subdivision lots abutting public streets, whether or not the street was included in the recorded plat. Williams v. Larson, 261 Wis. 629,53 N.W.2d 625 (1952).
In my opinion, however, the area of abutting roads or streets is not to be included in determining the size of lots under sec.236.02 (8), Stats., regardless of whether the public holds a fee or an easement, and regardless of the status of such road or street.
This question has apparently never been judicially treated in Wisconsin in the context of sec. 236.02 (8), Stats. A similar question has been raised, however, in the context of determining the area of a homestead exempt from execution by creditors.Weisbrod v. Daenicke, 36 Wis. 73 (1874). The statute involved inWeisbrod exempted as homestead a quantity of land not to exceed one-quarter acre, owned and occupied by any resident of the state. In its construction of this provision, the court held that the exempt area is to be determined without inclusion of the land to the center of the street. The rationale of the holding is set forth in the opinion as follows:
 ". . . while the owner of the abutting lot has an estate in fee to the center of the street, and has the right to the enjoyment of any use of his estate consistent with the servitude to which it is subjected, yet . . . he has no right to obstruct the street in front of his lot in an improper manner or for an unreasonable time. Hundhausen v. Atkins, imp., ante, p. 29. And it is too obvious *Page 4 
for argument that the use of a street by the public, and its use and occupancy by the owner for a homestead, are wholly inconsistent with each other. The word `occupied' has controlling force in determining the question before us and the proper construction of the statute. The object of the statute doubtless is, to secure to the debtor a home — land which he may live upon, occupy and possess as and for a homestead. He has no right to occupy the street for such a purpose, to build upon it, to cultivate it, or to appropriate it to any domestic use. Now suppose the defendant's lots had been bounded by two wide avenues, like some in this city: is it not apparent, if the land in the streets is computed in the quantity exempt, that the owner would have but a small parcel which he could occupy as a home for his family?" 36 Wis. at 76.
 Wegge v. Madler, 129 Wis. 412, 109 N.W. 223 (1906), which citesWeisbrod, supra, with approval, is cited as authority inLoveladies Property Owners Association, Inc. v. Barnegat CityService Co., Inc., 60 N.J. Super. 491, 159 A.2d 417 (1960), a New Jersey case dealing with substantially the same issue you raise. That case involved an action to enjoin development of certain platted areas in a subdivision for residential purposes, and to enjoin issuance of building permits, on the ground that lots laid out in the plat did not meet minimum area requirements set forth in the township zoning ordinance. Access to the lots in question was to be provided by a series of private easements. If the area of these easements were to be included in calculating the area of abutting lots, those lots would have satisfied minimum lot size requirements. The court there stated:
 "If these access strips had been dedicated by the developers as public streets instead of being reserved as private easements . . . no colorable claim for their inclusion in the required lot area would be maintainable, and this despite the fact that title in fee to the strip may rest in the abutting property owners. See Clarks Lane Garden Apartments v. Schloss, 197 Md. 457, 79 A.2d 538 (Ct.App. 1951). In the leading case of Montgomery v. Hines, 134 Ind. 221, 33 N.E. 1100 (Sup.Ct. 1893) . . . the court voiced the self-evident proposition that:
 `"[l]ot" and "street" are two separate and distinct terms, and have separate and distinct meanings. The term "lots," in its common and ordinary meaning, includes *Page 5 
that portion of the platted territory measured and set apart for individual and private use and occupancy; while the term "streets" means that portion set apart and designated for the use of the public * * *.' 33 N.E., at page 1101. Thus the determination, in terms of relevance to the present inquiry, of which area is a lot and which a street, these areas being mutually exclusive, depends not on the way title is held, or platted areas apparently bounded on a filed map, but rather on the function which each separate area is to serve as observable by inspection of the plat. . . ." 159 A.2d at pp. 422-423.
See also Sommers v. Mayor and City Council of Baltimore,215 Md. 1,135 A.2d 625 (1957); and Peake v. Azusa Valley Savings Bank,37 Cal. App.2d 296, 99 P.2d 382, 384 (1940).
The functional distinction of Loveladies, supra, is consistent with Weisbrod, supra, and appears equally applicable to the construction of sec. 236.02 (8), Stats. The purposes of ch. 236, Stats., are set forth in sec. 236.01, Stats. In order to construe sec. 236.02 (8), Stats., so as most effectively to accomplish those purposes, especially "to prevent the overcrowding of land" and "to provide for adequate light and air," its 1 1/2 acre cutoff should be calculated exclusive of abutting roads and streets.
As indicated above, sec. 236.02 (8), Stats., specifies those divisions of land to which ch. 236, Stats., will apply. Once it has been determined that ch. 236, Stats., is applicable. Wis. Adm. Code ch. H 65, adopted by the Department of Health and Social Services in furtherance of its plat review responsibilities. may also be applicable.
H 65 is authorized by the following statutory provisions:
 "(1) Approval of the preliminary or final plat shall be conditioned upon compliance with:
"***
 "(d) The rules of the department of health and social services relating to lot size and lot elevation necessary for proper sanitary conditions in a subdivision not served by a public sewer, where provision for such service has not been made . . . ." Sec. 236.13 (1)(d), Stats. *Page 6 
 "(f) The department [of health and social services] may make and enforce rules relating to lot size and lot elevation necessary for proper sanitary conditions in the development and maintenance of subdivisions not served by a public sewer, where provision for such service has not been made." Sec. 140.05 (f), Stats.
Apparently Wis. Adm. Code ch. H 65, does contain its own rule governing treatment of highway easements, found in Wis. Adm. Code section H 65.03:
 "Easements. Easements for streets or utilities which are greater than 20 feet wide shall not be considered in determining minimum lot area unless approved in writing by the department."
However, such rule is only applicable for determining minimum lot area for the purposes of Wis. Adm. Code ch. H 65.
Your second question is:
 "If a lot abuts a private road or street, does the total lot size (area) include the land extended to the middle of the road or street?
 "a. Is the answer to this question affected by the number of owners of the private road or street, i.e., single or lot owners association ownership?"
In the context of sec. 236.02 (8), Stats., it is my opinion that two requirements must be met in order for the area of a private street to be includable in the area of a lot. First, implicit in the terms adopted by sec. 236.02 (8), Stats., to identify areas of land, i.e., lot, parcel and tract, is a concept of unity of ownership. 52 OAG 411 (1963); and Griffin v. Denison Land Co., 18 N.D. 246, 119 N.W. 1041 (1909). As noted in my discussion of your first question, the basis of the argument for inclusion of the area of public roads was private ownership by abutting owners of land underlying the road. In the case of private roads where the abutting owner has no fee interest in the area of the road, no colorable claim can be made to inclusion of the road's area in determining the size of the abutting lot.
Second, even where unity of ownership exists, the area sought to be included must satisfy the functional test laid out above.Loveladies, supra, expressly holds that the distinction between *Page 7 
streets and lots applies to private as well as public streets. Thus the private driveway on the conventional lot, lying entirely upon an integrated area of land of single ownership, and subject to whatever domestic uses its owner selects, should be included in determining lot size. But a private drive providing a right-of-way through the lands of others, which is not part of an integrated area of land, and not subject to domestic use by the owner, should not be included.
Your third question is:
 "Is an easement that has been granted over the land of others for the purpose of ingress and egress to a parcel to be included in the total lot area for the purpose of sec. 236.02 (8) and/or sec. H 65.03, Wis. Admin. Code'?"
The answer is no. The unity of ownership and functional distinction criteria apply. Where an easement has been granted for purposes of ingress and egress, the area subject to the easement must be excluded in calculating lot size on the functional basis, just as a public highway is excluded.
Fourth, you ask whether a single lot may consist of two parcels separated by land owned by another party, such as a public highway.
The weight of authority requires that sec. 236.02 (8), Stats., be construed as providing a negative response.
 "`The word lot means any portion, piece or division of land.' It `denotes a single piece of land, lying in a solid body and separated from contiguous land by such subdivisions as are usual to designate different tracts of land, and in the subdivision of a tract of land into city lots, each lot in a city constitutes but a single piece or parcel of land.'" 2 McQuillin, Municipal Corporations (1966 Rev. Vol.), sec. 719, p. 360.
 ". . . Tracts of land, separated by a public thoroughfare, do not constitute a single lot." 101 C.J.S. Zoning, sec. 144, p. 905.
See also Sanfilippo v. Bd. of Review of Town of Middletown,96 R.I. 17, 188 A.2d 464 (1963), where a board of review finding that three parcels constituted a single lot was overturned as arbitrary on the basis of physical facts. Among the facts considered was the intervention of a public highway setting one parcel apart from the others. *Page 8 
A lot for purposes of sec. 236.02 (8), Stats., cannot consist of separate parcels which are not susceptible to integration into a single unit of land. This includes the situation where the parcels are separated by land in other possession. such as a public highway.
Wis. Adm. Code section H 65.03 (4)(b), permits use of combinations of lots to make up the area required by that chapter. However, inasmuch as the purpose of that chapter is to require sufficient land area for sewage disposal, it is clear that a parcel set off by a highway which is not available for sewage disposal purposes should not be included.
Finally, you ask whether a lot may extend across navigable water such as a channel or lagoon.
The answer is again no. A body of navigable water separates a parcel of land as effectively as does a public highway. Land owners abutting on navigable streams hold a qualified title to the center of the stream bed. Muench v. Public Service Comm.,261 Wis. 492, 501, 53 N.W.2d 514 (1952). Title to the lands underlying navigable lakes is held by the state. State v.McFarren, 62 Wis.2d 492, 498, 215 N.W.2d 459 (1974). Abutting land owners are prohibited from placing structures and obstructions in navigable waters without first securing a permit from the Department of Natural Resources. Sec. 30.12, Stats. Therefore, parcels separated by navigable waters are no more susceptible to functional integration than parcels separated by public highways.
I am acutely aware that the answer given to question three above may encourage potential developers to pattern their developments in such a way as to separate lands to be divided by dedicating public roads and/or creating private roads separating lots which are then further divided into less than 5 parcels of 1 1/2 acres each or less thereby avoiding statutory platting requirements. You may wish to monitor developments to determine whether this is in fact occurring and to suggest that the Legislature change the law if it appears that the public purposes underlying the platting laws are being frustrated.
BCL:JCM *Page 9