## KENT vs. AGARD and others.

HOMESTEAD : *From what lands it may be selected—Right of selection passes to purchaser at mortgage sale—*EJECTMENT *therefor will not lie before selection.*

1. The owner of a homestead right is not limited in his selection to the forty acres according to the government survey on which his house is situated.
2. A., owning 480 acres on which was his dwelling, deeded the whole to B., without the signature of his wife, and afterwards, with his wife, mortgaged the whole to C. *Held,*
(1.) That the mortgage was a valid lien upon the homestead.
(2.) That the right of selecting the homestead (not having been exercised by A.) passed by the mortgage, and on foreclosure and sale vested in the purchaser.
(3.) That such purchaser could not maintain ejectment for the homestead without having selected it and notified B. (or those in possession under him) of such selection, before commencing the action.

APPEAL from the Circuit Court for *Winnebago* County.

Ejectment. The defendants appealed from a judgment in plaintiff's favor. The case is stated in the opinion.

*Hooper & Bailey*, for appellants, to the point that ejectment would not lie until after plaintiff had selected the homestead and notified defendants, cited 37 N. H., 434; 38 id., 62; 39 id., 478; 2 Mich., 466; *McQuade v. Whaley*, 31 Cal., 526; *Himmelmann v. Schmidt*, 23 id., 117; 31 Ill., 113; 36 Vt., 238.

*Gabe Bouck*, for respondent, contended, among other things, that if the owner deeds an entire quarter section in which he has a homestead, without making his selection, he cannot afterwards make it arbitrarily, but must take the land by government subdivision, or other established division (if any), on which his buildings are.

PAINE, J.   This was an action of ejectment for the south ½ of section 9, and the south-west ¼ of section 10, town 19, range 15.   The plaintiff claimed title to the entire tract, under a mortgage executed by George Cown, the former owner, together with his wife, upon which there had been a foreclosure and sale.   The defendants, however, proved that they were in possession under the heirs of William Lasley, and that George Cown had, prior to said mortgage, conveyed the whole land, by warranty deed, to said Lasley, in which deed the wife of Cown did not join.   It further appeared that Cown's dwelling house, at the time he made these conveyances, was situated on the S. W. ¼ of the S. W. ¼ of sec. 10, and that he had never in any manner selected his homestead, except by placing his dwelling upon that forty.

It follows from these facts, that the only title which the plaintiff had, was to the homestead right that remained in Cown and his wife after the execution of his deed to Lasley, and which did not pass by that deed for want of her signature.   The court thereupon allowed the plaintiff to select, at the trial, the forty acres which he would claim as the

homestead of Cown; to amend his complaint so as to describe that; and to recover it in this action. This was error.

It may be conceded that the plaintiff had the same right of selection that Cown would have had. The right of selection, being an incident to the homestead right, may be held to have passed by the mortgage, and, on foreclosure and sale, to have become vested in the purchaser. This seems the more reasonable and convenient rule upon that subject. But we cannot hold that the owner of a homestead right is limited in his selection to the forty acres according to the government survey, upon which his dwelling house is situated. There is nothing in the statute establishing such a limitation; and, in many instances, it might be extremely inconvenient and disadvantageous. His house might be near the line on one forty, and his barns, outhouses, gardens, etc., be on the adjoining forty. There can be no doubt that in such case, it was the design of the statute to allow him to select, without regard to the government survey, any forty acres, in reasonable shape, that would include his dwelling.

This being so, the owner of such a right ought to make his selection, before bringing his action. The owner of a larger tract, subject to such a floating right, cannot, until the selection is made, know what part to surrender. He cannot, therefore, be charged with wrongfully detaining it. And it would be unreasonable to subject him to the costs and trouble of an action, until the selection had been made, and he had notice of it. It is true, that ordinarily no demand or notice is necessary in ejectment. But it is also true ordinarily, that the plaintiff's right, if he has any, is fixed and certain at the commencement of the action, and does not depend upon the exercise of any right of selection on his part. It is this peculiar fact in a case of this kind that creates the exception.

This conclusion is entirely in harmony with the general

principle that the plaintiff's right must exist at the commencement of the action. This was not the case here. True the plaintiff had a right to forty acres; but it was to forty acres to be selected, not to the forty which he did select ∖at the trial. His right to that only became fixed by the selection. He might have selected some other, as well.

And it is not like an action for an undivided interest. There, if the plaintiff recovers, he recovers only an undivided interest—a right that existed in him fixed and certain at the commencement of the suit. But here he recovered certain specific land, to which it must be conceded his right was not fixed until he exercised his right of selection on the trial.

For this error the judgment must be reversed, with costs, and the cause remanded for a new trial.

*By the Court.*—Ordered accordingly.