Martin vs. C. Aultman & Co.

MARTIN, Respondent, vs. C. AULTMAN & Co., Appellant.

*September 1 — September 29, 1891.*

*(1) Proof of service of summons: Judicial notice of official character of sheriff. (2) Assumption of incumbrances by purchaser of land: Mistake: Equity. (3) Homestead: Selection.*

1. A return of the service of a summons, signed "M. B., by J. L. R., Deputy Sheriff," is *held* to be in due form and to be presumptive evidence that it is correct. The court will take judicial notice that M. B. was sheriff.

2. The grantee of land incumbered by mortgages and a docketed judgment against the grantor, having agreed to pay all incumbrances thereon, cannot, after paying the mortgages, have them declared a lien in his favor prior to the judgment, although when he purchased he knew nothing of the judgment.

3. Where the person entitled thereto fails to select his homestead at the time of an execution sale of the land from which such selection might be made, his right will be confined to the legal subdivision which includes his dwelling-house and appurtenances.

APPEAL from the Circuit Court for *Grant* County.

Action to establish the plaintiff's title to ninety-nine acres of land as against a certificate of the sale thereof to the defendant under an execution issued upon a judgment against

the plaintiff's grantor, Elizabeth Bowen, and one Charles H. Cox. The said judgment had been docketed before the land was conveyed to the plaintiff. The complaint alleges that the court which rendered such judgment never acquired jurisdiction of the person of either of said defendants; that the premises had for many years been the homestead of the said Elizabeth Bowen, and ever since the plaintiff's purchase thereof have been his homestead; and that the plaintiff selects, as his homestead exempt from execution, certain forty acres of the land in a square form, comprising the S. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$, and the N. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$, of a section. The complaint also alleges that the consideration for the purchase of the land by the plaintiff was the payment of three mortgages thereon, given by Elizabeth Bowen, and nothing more.

The answer alleges, among other things, that the plaintiff had agreed with the said Elizabeth Bowen that, as a part of the purchase price of the land, he would pay the judgment in question; that he had failed to do so; and that the land had been duly sold under an execution issued thereon.

The trial court found the facts to be substantially as alleged in the complaint, but did not pass upon the question whether the judgment against Elizabeth Bowen and Cox was rendered without jurisdiction. It found that the amount due upon the three mortgages on the land at the time of the conveyance to the plaintiff was $1,302.14, and that the plaintiff had paid off said mortgages. As conclusions of law the court found that the plaintiff was entitled to judgment establishing his title to the forty acres selected as his homestead, and also to judgment establishing his claim for the sum of $1,302.14 as a lien in his favor on all the land outside of the homestead, prior to the claim of the defendant under the certificate of sale on execution. From the judgment entered accordingly the defendant appeals.

Martin vs. C. Aultman & Co.

*W. H. Beebe,* for the appellant.

For the respondent there was a brief by *Bushnell & Watkins,* and oral argument by *A. R. Bushnell.*

Cole, C. J.   Did the court acquire jurisdiction of the person of the defendant Bowen in the suit of *C. Aultman & Co.* against her and Cox, by the service which was made upon her? The judgment in that suit was rendered and docketed on the 14th of June, 1878, before the premises mentioned in the complaint were conveyed to the plaintiff.   The summons and complaint were served by the deputy sheriff, who in effect certifies in his return that he personally served these papers upon the defendant Elizabeth Bowen by delivering and leaving with her true copies of the same, having explained the contents to her, and giving the date of service.   The return is signed,  " Matt. Birchard, by J. L. Rewey, Deputy Sheriff."

It is objected that there is no proof that Matt. Birchard was sheriff of the county, and that the deputy sheriff should have made an affidavit showing the place, time, and manner of service, in order to make the service good.   We deem this objection untenable.   The statute makes it the duty of the sheriff to appoint one deputy in every city and village in his county containing over 1,000 inhabitants, and one in each assembly district other than the one in which the under-sheriff resides.   Secs. 722, 723, R. S.   This appointment is in writing, and is to be filed and recorded in the office of the clerk of the circuit court.   Secs. 724, 725, R. S. In this case the return was made in the name of Matt. Birchard, and if the word " sheriff " had been added we presume plaintiff's counsel would have taken no objection to it.   But we consider the return to be in due form, and it is presumptive evidence that it is correct.   The court will take judicial notice of the election of the sheriff of a county and the genuineness of his signature, and his official character need not be proven.   1 Greenl. Ev. § 6.

It is clear, therefore, that the judgment upon which the execution was issued and the sale made was valid and became a lien on all the lands conveyed outside the homestead. It did not become a lien on such portions of the premises as were used as and for a homestead, because the statute expressly declares that the homestead shall be exempt from the lien of every judgment. Sec. 2983, R. S. The circuit court made the mortgages which were on the entire premises when they were conveyed to the plaintiff, September 23, 1878, a lien on all the lands outside the homestead, prior to the lien of the defendant's judgment. We cannot see any equity or justice in this clause of the judgment of the court below, for this reason: in the deed which the plaintiff received and accepted it is stated that the conveyance to the plaintiff was made in consideration that the plaintiff covenanted and agreed to pay all the incumbrances which were on the land, and to save the grantor, Elizabeth Bowen, harmless therefrom and from the debts thereby secured. In other words, the plaintiff became personally liable to pay all incumbrances which were on the land when it was conveyed to him, as the purchase price of the property. It is not seriously questioned but that he covenanted to pay off the mortgages then existing as liens; and, if so, why should they be kept alive for his benefit, and also made prior liens to the lien of the judgment? As we have intimated, we see no equity, on the facts of the case, in this part of the judgment. The covenant which the plaintiff entered into bound him to pay this judgment as well as the mortgages, because it was an incumbrance on the land which he assumed to pay. True, he says he knew nothing about this judgment when the conveyance was executed to him, but he was surely chargeable with constructive notice of its existence by the record. The judgment debtor also says that she knew nothing about the judgment, and she and her husband testify that no sum-

mons and complaint were ever served upon her in the suit of *C. Aultman & Co.* against her and Cox. But this testimony is entirely overcome by the return of the officer, which fully establishes the fact that they were served. Consequently, as we have said, the judgment, being valid, was an incumbrance which the plaintiff became liable and assumed to pay. When the judgment was docketed, it is plain it became a lien on all the land outside the homestead, subject only to the prior mortgages. Now, as the mortgages have been paid, we see no reason for keeping them alive as against this judgment; for in paying them the plaintiff did no more than he had agreed to do, and merely discharged his own obligation. If he does not also pay the judgment, it may and can be enforced against the land outside of the homestead premises.

It is claimed by the counsel for the defendant that the plaintiff has no right to a homestead in any of these lands. But the fact is abundantly established that the judgment debtor occupied the ninety-nine acres which she conveyed as and for a homestead for some years before she made the conveyance to the plaintiff. It appears that she made no selection of any particular tract for a homestead; and the plaintiff has occupied them in the same manner as she did,— as a homestead. Now, as no selection of a homestead was made when the execution sale took place in December, 1887, though the plaintiff might then have claimed a homestead and had the officer set the premises selected apart to him, we still think he can have a homestead right; but he must be confined to a legal subdivision of the forty acres which will include his dwelling-house or residence and appurtenances. In *Kent v. Lasley,* 48 Wis. 257, that rule is established. In that case the chief justice says that "the right is, however, limited to the land on which the dwelling-house and its appurtenances are situate; and when the dwelling-house, which is the controlling quality of the

right, is situate upon a legal subdivision of land precisely equal to the statutory measure of the right, and when the owner of it, owning also adjoining land, has made no different selection, he ought to be held to a tacit selection of the legal subdivision on which his dwelling-house stands." And he observes: "Practically this has been the construction of the statute in all, or almost all, cases, except *Kent v. Agard*, 22 Wis. 150; and this now appears to the court to be not only an admissible construction of the statute, but better in accord with its spirit and purpose, and most convenient and essential to the certainty of the right of homestead." The court below gave the plaintiff forty acres in a square form, in the center of the eighty-acre tract, particularly described as the S. ½ of the N. E. ¼ of the S. E. ¼, and the N. ½ of the S. E. ¼ of the S. E. ¼, of section 36, township 5, range 2 W. We are disposed to adhere to the rule laid down in *Kent v. Lasley* and say, under the circumstances, since the plaintiff failed to make a selection when the land was sold under an execution, he may now have the forty-acre tract set off to him in a legal subdivision which includes his dwelling-house and appurtenances.

*By the Court.* — The judgment of the circuit court is therefore reversed, and the cause is remanded with directions to enter judgment in accordance with this opinion.