Hoppe and wife, Appellants, vs. Goldberg and others, Respondents.

*August 30 — September 27, 1892.*

*Homesteads: Exemption from execution: Exchange of lands: Intention to occupy.*

Plaintiff's farm, including seventy acres besides his homestead forty, was mortgaged for more than the value of the seventy acres. Subject to such mortgage, which was assumed by his grantee, plaintiff exchanged the farm for a city lot which, with the building thereon (then used as a store and office building), had been leased for a term of which three years were yet to run. The upper story of the building was adapted for and had been used as a residence, and plaintiff intended to occupy it as his homestead upon the expiration of the lease. Before the lease expired, however, the lot

was sold under an execution on a judgment against the plaintiff. In an action to set aside such execution sale, *held:*

(1) The farm having been mortgaged for more than the value of the seventy acres, the lot should be considered as the proceeds of the sale or exchange of the homestead forty; and as such, being held with the intention of making it a new homestead, it was exempt for two years.

(2) Although plaintiff had never resided upon the lot, his intention to do so rendered it, under the circumstances, his homestead; and it is immaterial that he asserted no claim to it as such until the action was commenced.

APPEAL from the Circuit Court for *Waupaca* County. The action is to set aside an execution sale of land for the alleged reason that it is the homestead of the plaintiffs, and to quiet the title thereto.

In 1890, the plaintiff *Herman Hoppe* was, and for several years previously had been, the owner of the W. ½ of the S. E. ¼ of section 36, in township 27 N., of range 13 E.; in Shawano county, and of thirty acres adjoining thereto in the S. E. ¼ of the S. E. ¼ of the same section; and during all the time of such ownership he lived on the land with his family, and used it as a farm. His dwelling-house was on the S. W. ¼ of the S. E. ¼ of the section, which lot was his homestead.

On October 29, 1890, *Hoppe* exchanged his farm with one Gensler for a lot containing less than one quarter of an acre, in the village, now city, of Clintonville, in Waupaca county, on which was a two-story frame building, then and now occupied as a store and office, but not as a residence. The upper story contained eight rooms, was adapted to use as a residence, and in fact had been so used for two winters. By the terms of the exchange, Gensler assumed the payment of a mortgage for $200 on the whole farm, and afterwards paid the mortgage debt. By direction of Gensler, the plaintiffs conveyed the farm to one Steinke, who was a relative of Gensler, and the latter conveyed the Clin-

tonville lot to the plaintiff *Mrs. Hoppe*, by direction of her husband. The lot was so conveyed, subject to an outstanding lease thereon for five years from October 1, 1888, executed by Gensler to Wall & Anthes, who then were and still are in the actual possession of the lot under the lease. Gensler or Steinke went into possession of the farm, and *Hoppe* and family moved into Clintonville.

In December, 1890, the defendant *Benjamin Goldberg* obtained a judgment in the circuit court of Shawano county against the plaintiffs for over $900, filed a transcript thereof in the circuit court of Waupaca county; and issued an execution thereon to the sheriff of the latter county, who, in February, 1891, sold the Clintonville lot, by virtue of such execution, to the defendant *Jennie Goldberg*, and issued to her the usual certificate of sale, which was duly filed in the proper register's office.

This action was brought against the *Goldbergs* and the sheriff to vacate and set aside such certificate of sale, to enjoin the issuing of a deed thereon, and to establish and confirm *Mrs. Hoppe's* title to the lot in question, divested of any lien or incumbrance thereon by virtue of such judgment or execution sale.

The plaintiffs made the exchange of property, and procured the conveyance of the lot in question for their homestead, and with the intention of occupying the same and the building thereon as their residence upon the termination of the outstanding lease thereof.

The foregoing facts were either found by the circuit court, or satisfactorily proved on the trial, except that the court found the building was never used as a residence. This finding is regarded as immaterial. The court further found that plaintiffs took the conveyance of the lot with knowledge of the outstanding lease thereon; that the same would be occupied by the lessees until the expiration of their term; and that the plaintiffs never made any effort

to procure a cancellation of the lease, never attempted to occupy the lot as a homestead, and never claimed the same as a homestead until after this action was commenced.

On the foregoing facts the court gave judgment for defendants, dismissing the complaint on the merits. The plaintiffs appeal from the judgment.

For the appellants there was a brief by *Thorn & Guernsey,* and oral argument by *Gerrit T. Thorn.* They cited *Howard v. Harris,* 8 Allen, 299; *Comm. v. Clark,* 14 Gray, 372; *Comstock v. Bechtel,* 63 Wis. 656–662; *Bailey v. Steve,* 70 id. 316; *Watkins v. Blatschinski,* 40 id. 347; *Hewitt v. Allen,* 54 id. 583; *Binzel v. Grogan,* 67 id. 147; *Scofield v. Hopkins,* 61 id. 370; *Palmer v. Hawes,* 80 id. 474; *Zimmer v. Pauley,* 51 id. 282; *Phillips v. Root,* 68 id. 128; *McDermott v. Kernan,* 72 id. 268; *Deville v. Widoe,* 64 Mich. 593; *Reske v. Reske,* 51 id. 541; *Hanlon v. Pollard,* 17 Neb. 368.

For the respondents there was a brief by *Benj. M. Goldberg* and *Charles Barber,* and oral argument by *Mr. Goldberg.* They cited *Zielke v. Morgan,* 50 Wis. 560; *Wicker v. Comstock,* 52 id. 315; *Moffitt v. Adams,* 60 Iowa, 44; *Scofield v. Hopkins,* 61 Wis. 370; *Casselman v. Packard,* 16 id. 115; *Upman v. Second Ward Bank,* 15 id. 449; *Schoffen v. Landauer,* 60 id. 334; *Hoffman v. Junk,* 51 id. 613; *Green v. Pierce,* 60 id. 372.

LYON, C. J. 1. The Clintonville lot is the consideration which the plaintiff *Herman Hoppe* received from Gensler for his farm. Such lot is therefore the proceeds of the sale of the farm, just as effectually as the money would have been had Gensler paid for the farm in cash.

Seventy acres of the farm were not a homestead, and it is claimed that the consideration therefor, as well as for the homestead forty acres, went into the Clintonville lot, and that it is impossible to separate the proceeds of the exempt homestead from those of the non-exempt property.

It is argued therefrom that the statute (S. & B. Ann. Stats. sec. 2983), which exempts for two years. the proceeds derived from the sale of a homestead while held with the intention to procure another homestead therewith, cannot apply to this case. There might be some force in this position were it not entirely practicable to separate the proceeds of the homestead from those of the residue of the farm, and to trace and identify the same. The seventy acres were primarily liable for the mortgage debt, for in case of foreclosure the statute requires the non-exempt land to be first sold to satisfy the debt, if the mortgagor so desires. R. S. sec. 3163. The seventy acres were worth no more than the amount of such debt. Had there been a foreclosure, there is no reasonable probability, under the testimony in the case, that they would have sold for enough to pay the judgment. Gensler purchased subject to the mortgage, and paid it. The substance of the transaction was that for the seventy acres Gensler paid the mortgage debt, and gave the lot in question for the homestead forty acres. This view is fully authorized by the judgment of this court in *Binzel v. Grogan*, 67 Wis. 147.

It follows that the lot in question is the proceeds of the sale or (what is the same thing) the exchange of the farm homestead. The proof is conclusive that with such proceeds *Hoppe* intended to obtain another homestead; indeed, that he intended the lot should be his homestead, and procured it for that purpose, Regarding the lot as proceeds merely, and not as a homested, it is exempt from the lien of *B. Goldberg's* judgment, and from sale on execution issued on such judgment, for two years from the date of Gensler's conveyance to *Mr. Hoppe;* that is, until October 29, 1892. R. S. sec. 2983.

2. But we are of the opinion that the lot in question is the plaintiffs' homestead, although they have not actually resided upon it, and may not do so until the expiration of

the lease.  Sec. 2983, R. S., provides that the homestead exemption "shall not be impaired by temporary removal with intention to reoccupy the same as a homestead." Had the plaintiffs occupied the lot as a homestead but for a week, or even a day, and then leased the same to another for three years, and removed therefrom, but with the *bona fide* intention and purpose of retaining the same as their homestead and reoccupying it as such at the termination of the lease, we cannot doubt the lot would remain their homestead until the expiration of the lease, and would continue such if they so reoccupied at its expiration.  It seems to us that no sound distinction in principle can be made between the case supposed and the present case, but that the essential qualities of the transaction are the same in both cases; and if the homestead right is preserved intact in the one case, it ought to be in the other.  In *Scofield v. Hopkins*, 61 Wis. 370, it was held that the homestead right may exist, even for years, in land upon which the owner never resided.  The grounds of that judgment are so clearly and fully stated and considered in the opinion by Mr. Justice Cassoday that further discussion of them here is quite unnecessary.  Although the facts in the two cases are not precisely alike, we think the principle of that case is applicable here, and establishes the homestead right of plaintiffs in the lot in question.

It is immaterial that plaintiffs did not assert any claim to the lot as a homestead until the commencement of this action.  This is not a case in which the validity of the right claimed depends upon the assertion or giving notice thereof to any one at any particular time.  The lot was acquired by *Hoppe* for use as his homestead, to be occupied as such as soon as the lease expired, and he did nothing evidencing any change of intention in respect thereto.  *Scofield v. Hopkins*, 61 Wis. 370.  The lot was therefore protected from the lien of a judgment against him, and from sale on exe-

cution issued on any such judgment, and no title or interest therein passed to the purchaser under the execution sale.

Because the certificate of sale is a cloud upon the plaintiffs' title to the lot, they are entitled to the relief demanded in the complaint.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded to that court with directions to render judgment for the plaintiffs in accordance with this opinion.