LARSON, Appellant, vs. STATE BANK OF OGEMA, Respondent.

*March 4—April 1, 1930.*

*H. J. Blanchard* of Phillips, for the appellant.

For the respondent the cause was submitted on the brief of *J. A. DeBardeleben* of Phillips.

FRITZ, J.    Since 1914 plaintiff's husband, Charles G. Larson, has owned and occupied as a homestead and farm all of the southwest quarter of the southwest quarter of section 25, excepting about six acres which constitute a railway right of way through the middle of the forty-acre tract, and a triangular parcel of about seven acres in the northeast

corner of the forty-acre tract, marked No. 2 on Exhibit 1. Those seven acres Charles G. Larson, in 1919, exchanged for the 6.53 acre tract, marked No. 1 on Exhibit 1, which is in section 36, and which is contiguous to the forty-acre tract to the extent of 597 feet along the south line of that tract. Consequently, after deducting the six-acre railway right of way and the seven acres marked No. 2 of Exhibit 1, Larson's holding in the southwest quarter of the southwest quarter of section 25 consisted of about twenty-seven acres, the value of which, together with improvements thereon and the adjoining tract of 6.53 acres, marked No. 1, was less than $5,000. Larson also owned the tract marked No. 4, consisting of forty acres in the northeast quarter of the southeast quarter of section 26, the southeast corner of which forty acres cornered on the northwest corner of the forty acres on which his home and buildings were located; but the usable portions of those two forty-acre tracts were separated by a state highway. The 6.53 acre tract, marked No. 1, was fenced in part only, and was used as a roaming pasture, in common with Charles G. Larson's adjoining land east of the railroad right of way in section 25.

On April 9, 1925, judgment in favor of the defendant in this action was entered against Charles G. Larson and became a lien on his unexempt land. On April 9, 1926, execution was issued on that judgment, and payment demanded of Charles G. Larson. A sale under that execution was noticed and advertised, to the knowledge of Charles G. Larson and the plaintiff in this action, of Charles G. Larson's lands, with the exception of his portion of the southwest quarter of the southwest quarter of section 25; and upon that sale the 6.53 acres in controversy in this action were sold, and thereafter conveyed by sheriff's deed to the defendant herein. After that execution sale Charles G. Larson, on June 6, 1926, conveyed to the plaintiff herein the 6.53 acres in controversy, and also all other land which he owned, excepting his holdings in section 25.

Neither Charles G. Larson nor the plaintiff, at any time prior to the commencement of this action, ever expressly made or requested any selection of any of his acreage as a homestead, or objected to the sale under execution of any of his land. In this action plaintiff seeks to set aside the sale and sheriff's deed to the 6.53 acres in section 36, on the ground that at the time of that sale they were exempt from seizure or sale on execution because they were part of Charles G. Larson's homestead, which did not exceed forty acres.

The learned circuit judge found, in connection with the facts hereinbefore stated, that at the time of the levy and sale Charles G. Larson "apparently did not consider said parcel a part of his homestead forty;" and upon all the facts concluded that the parcel in controversy was not part of the homestead of Charles G. Larson or of the plaintiff, and not exempt from seizure and sale on execution; and that under such sale the defendant herein became the owner thereof, and was entitled to judgment quieting its title, free and clear of all claims of plaintiff.

Sec. 272.20, Stats., so far as here material, provides:

"A homestead to be selected by the owner thereof consisting . . . of any quantity of land, not exceeding forty acres, used for agricultural purposes; . . . and the dwelling house thereon and its appurtenances owned and occupied by any resident of this state shall be exempt from seizure or sale on execution, from the lien of every judgment . . . to the amount in value of five thousand dollars, . . ."

"It is a cardinal rule, which this court has frequently recognized and affirmed, that exemption laws are to be liberally construed. The whole policy and spirit of the law, so far as homesteads are concerned, are to secure them to the debtor and his family." *Krueger v. Pierce,* 37 Wis. 269, 271.

"The homestead exemption law, above quoted, was enacted pursuant to the mandate of the constitution, and there

is no reason to doubt that the legislature thereby intended fully to execute such mandate. By such statute, therefore, the legislature intended to exempt to every debtor in the state the homestead which he owns and occupies, with a speci- fied quantity of land appurtenant thereto, without regard to the uses to which he puts such land or the business he pursues upon it. All that is required is that it be his homestead, and the statute was intended to protect the owner in the enjoy- ment of it." *Binzel v. Grogan,* 67 Wis. 147, 151, 29 N. W. 895.

All of the land which Charles G. Larson owned in section 25, or the legal subdivision on which his dwelling and ap- purtenances were situated, consisted of only about twenty- eight acres. If Larson's holdings in the legal subdivision on which his dwelling was located had consisted of precisely forty acres, then, in the absence of an expressed selection, indicating an intention to include contiguous land, located in another legal subdivision, in lieu of part of the forty acres which constituted a legal subdivision, Larson would be held to a tacit selection of those forty acres constituting the legal subdivision on which his house stood. *Kent v. Lasley,* 48 Wis. 257, 4 N. W. 23; *Martin v. C. Aultman & Co.* 80 Wis. 150, 49 N. W. 749. However, as his holdings within the southwest quarter of the southwest quarter of section 25 consisted of but twenty-eight acres, and as the 6.53 acres in section 36 were contiguous along a common boundary line of 597 feet, and were used in common with almost half of the adjoining twenty-eight acres as a pasture appurtenant to the other part of the twenty-eight acres, on which the buildings were located, the physical situation, relative loca- tion, and actual use and occupation of the 6.53 acres, in con- nection with the adjacent twenty-eight acres, constitute a tacit selection of the contiguous 34.53 acres as the homestead exemption, in the absence of an expressed selection to the contrary. When tracts of land not exceeding in the aggre- gate, in quantity and value, the homestead exemption are

contiguous, although not wholly within the bounds of a legal subdivision, and are used and occupied in common as a homestead by the owner, such use and occupancy themselves evidence the selection by the owner of all of such contiguous land as his homestead, and constitute notice to all of its character as his homestead, and of his selection thereof as such, without his giving any other notice. Consequently, in the case at bar, there was no necessity for any further acts on the part of plaintiff's husband to indicate his selection of the 6.53 acres as part of his homestead, in conjunction with the contiguous twenty-eight acre tract. The purchasers were execution creditors and were presumed to know, at the time of the sale, of the use and occupancy by Larson of the 6.53 acres as a part of his homestead. Under the circumstances, no public proclamation or further assertion of his claim for exemption, and no attempt on his part to prevent the sale, was necessary to protect his homestead rights. *Scofield v. Hopkins,* 61 Wis. 370, 372, 21 N. W. 259.

When the validity of the right to exemption does not depend upon the assertion or giving notice thereof to any one at any particular time, it is immaterial that the claim to the land as a homestead was not asserted until the commencement of the action to set aside the execution sale. *Hoppe v. Goldberg,* 82 Wis. 660, 665, 53 N. W. 17.

For the reasons stated the judgment must be reversed, with directions to enter judgment setting aside the certificate of sale and sheriff's deed to the 6.53 acres in section 36, and adjudging title thereto to be in plaintiff, free and clear of all liens and claims thereon by virtue of the judgment recovered by the defendant against Charles G. Larson on April 9, 1925, in the circuit court for Price county.

*By the Court.*—Judgment reversed, with directions to enter judgment in accordance with this opinion.