Fitzgerald, Appellant, vs. Buffalo County, Respondent.*

*April 1—May 5, 1953.*

* Motion for rehearing denied, with $25 costs, on July 3, 1953.

For the appellant there was a brief and oral argument by *Edwin Larkin* of Eau Claire.

For the respondent there was a brief and oral argument by *Belmont H. Schlosstein* of Cochrane.

GEHL, J. By the covenant in the deed to pay the mortgages plaintiff bound herself to pay them and thereby assumed a primary liability. *Martin v. C. Aultman & Co.* 80 Wis. 150, 49 N. W. 749. She did not pay as a volunteer—she did no more than she had agreed to do. There was no need for her to act to protect her own interests. There was no agreement that she should have security for her payment. She was not a surety for the payment of the mortgage debt. Under those circumstances she is not entitled to subrogation. *Murphy v. Baldwin,* 159 Wis. 567, 150 N. W. 957; *Bank of Baraboo v. Prothero,* 215 Wis. 552, 255 N. W. 126.

"Subrogation is allowed only in favor of one who under some duty or compulsion, legal or moral, pays the debt of another, which debt was a valid enforceable obligation against that person, and not in favor of him who pays a debt in performance of his own obligation, for the right of subrogation never follows an actual primary liability, and there can be no right of subrogation in one whose duty it is to pay, or in one claiming under him against one who is secondarily

liable, or not liable at all. In such cases payment is extinguishment." 60 C. J., Subrogation, p. 712, sec. 25.

The fact that plaintiff knew nothing about the county's lien when the conveyance was executed to her and when she paid the mortgages does not avail her. She was chargeable with constructive notice of its existence. *Martin v. C. Aultman & Co., supra.*

Plaintiff urges that we read out of *Conner v. Welch*, 51 Wis. 431, 8 N. W. 260, a declaration supporting her claim to the right to be subrogated. In that case the plaintiff, holder of a fifth mortgage upon real estate, obtained a deed to the property. The court found that as a part of the transaction he had covenanted to pay two prior mortgages. After paying them he discovered the existence of a subordinate judgment lien obtained by one Stein. He demanded that the discharged mortgages be reinstated and that he be subrogated to the rights of the mortgagees whom he had paid. His claim was rejected.

An expression is contained in the opinion which plaintiff construes as indicating that the result might have been different had the court considered the matter as one calling for application of the doctrine of subrogation instead of the principles of negligence. The court, referring to the mortgages which plaintiff had discharged, said (p. 439):

"Were these subsisting mortgages, we might not find it very difficult to hold, under the authorities cited, that the interest represented by the $229 mortgage was not merged in the legal title conveyed to the plaintiff by Osborne, and that the plaintiff should be subrogated to the rights of the mortgagees in the Duffy mortgages, so that all of these mortgages could be made available to protect the plaintiff against the lien of the Stein judgment, which is junior thereto."

It will be observed that the court suggests the possibility that subrogation might have been allowed had the mortgages been "subsisting" liens at the time of trial. They had been

discharged as had the mortgage of the Land Bank in this case. We are unable to find anything in the *Conner Case* which supports plaintiff's contention.

*By the Court.*—Judgment affirmed.

BROADFOOT, J., took no part.