CVW, LIMITED, Plaintiff-Appellant,

v.

Lawrence M. STRESS, by his guardian, Kevin L. Stress, Dunn County Treasurer, Nellie Thompson, Department of Revenue, Phillips Broadcasting Co. Inc. and Department of Industry, Labor & Job, Defendants,

ADVENT ENVIRONMENTAL SERVICES, INC., Defendant-Respondent.†

Court of Appeals

*No. 99–0252. Submitted on briefs September 1, 1999.—Decided September 8, 1999.*

(Also reported in 602 N.W.2d 162.)

†Petition to review dismissed.

450

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Steven L. Miller* of *Miller & Miller* of River Falls.

On behalf of the defendant-respondent, the cause was submitted on the brief of *William R. Steinmetz* and

*Catherine E. Jorgens* of *Reinhart, Boerner,. Van Deuren, Norris & Rieselbach, S.C.* of Milwaukee.

Before Cane, C.J., Hoover, P.J., and Gordon Myse, Reserve Judge.

CANE, C.J. CVW, Limited, appeals from a summary judgment granted in favor of Advent Environmental Services, Inc. CVW argues that Advent's judgment lien, though first filed, became junior to a subsequently filed Internal Revenue Service tax lien by virtue of the application of Wisconsin's homestead exemption statute, § 815.20, STATS. We agree. Accordingly, we reverse the summary judgment and remand to the circuit court for further proceedings consistent with this opinion.

## BACKGROUND

Lawrence and Linda Stress purchased the real property at issue in October 1989.[1] Advent Environmental Services, Inc., docketed a judgment lien against the Stress property on June 9, 1995. The IRS thereafter attached a federal tax lien, recorded on August 28, 1995. Pursuant to 26 U.S.C. §§ 6331—6344, the IRS seized the Stress property for nonpayment of federal taxes and subsequently sold it at a public sale on July 24, 1997, to the highest bidder, CVW Limited, for $15,342.61. It is undisputed that there is insufficient equity in the property to satisfy subordinate lienholders.

---

[1] Linda Stress died on November 17, 1993. Her interest in the property was terminated pursuant to § 867.046, STATS., and was memorialized by a termination of her property interest.

452

The redemption period, mandated by 26 U.S.C. § 6337,[2] expired without redemption by Stress, his executors, administrators, any person on his behalf, or by any person having an interest or lien on the property. Consequently, the IRS issued a quit claim deed to CVW for the property and CVW filed this action to quiet title. Contending that the tax sale extinguished Advent's judgment lien, CVW moved for summary judgment. Advent, asserting that its judgment lien remained attached to CVW's property, also moved for summary judgment. Finding that Advent's judgment lien survived CVW's purchase of the property, the circuit court granted summary judgment in favor of Advent. This appeal followed.

## ANALYSIS

 Statutory interpretation is a question of law that this court reviews de novo. *See State v. Kirch*, 222 Wis. 2d 598, 602, 587 N.W.2d 919, 920 (Ct. App. 1998). Further, whether summary judgment was appropriately granted presents a question of law that we review independently of the circuit court. *See Fortier v. Flambeau Plastics Co.*, 164 Wis. 2d 639, 651–52, 476 N.W.2d 593, 597 (Ct. App. 1991). When reviewing summary judgments, we utilize the same analysis as the circuit court and must apply the standards set forth in § 802.08(2),

---

[2] The Internal Revenue Code, 26 U.S.C. § 6337, states in pertinent part:

**(b) Redemption of real estate after sale.—**

(1) Period.—The owners of any real property sold as provided in section 6335, their heirs, executors, or administrators, or any person having any interest therein, or a lien thereon, or any person in their behalf, shall be permitted to redeem the property sold, or any particular tract of such property, at any time within 180 days after the sale thereof.

STATS. *See Schultz v. Industrial Coils, Inc.*, 125 Wis. 2d 520, 521, 373 N.W.2d 74, 74–75 (Ct. App. 1985). In general, "summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Kenefick v. Hitchcock*, 187 Wis. 2d 218, 224, 522 N.W.2d 261, 263 (Ct. App. 1994).

CVW contends that Advent's judgment lien, though first filed, became junior to the subsequently filed IRS tax lien by virtue of Wisconsin's homestead exemption statute, § 815.20, STATS. In applying the Internal Revenue Code, as we must here, "state law determines the nature of the legal interest which the taxpayer had in the homestead property," and "[o]nce state law has been used to determine the nature and existence of a property interest, further state law is inoperative, and the tax consequences thenceforth are dictated by federal law." *Elfelt v. Cooper*, 168 Wis. 2d 1008, 1019–20, 485 N.W.2d 56, 61 (1992).

In Wisconsin, the general rule of priorities is that "the lien of a judgment is superior to all conveyances . . . and liens on the debtor's land which are made or accrue after the judgment lien has been attached." *Carefree Homes, Inc. v. Production Credit Ass'n*, 81 Wis. 2d 541, 545, 260 N.W.2d 759, 761 (1978). In other words, "the first in time is the first in right." *United States v. City of New Britain*, 347 U.S. 81, 85 (1954). The United States Supreme Court noted that this general principle "is widely accepted and applied, *in the absence of legislation to the contrary*." *Id.* (emphasis added).

This "first in time" principle notwithstanding, under Wisconsin's homestead exemption statute, "an exempt homestead . . . shall be exempt from execution, from the lien of every judgment . . . of the owner to the amount of $40,000, except mortgages, laborers',

mechanics' and purchase money liens and *taxes* and except as otherwise provided."[3] Section 815.20, STATS. (emphasis added). Moreover, under § 806.15(1), STATS., "[e]very judgment properly entered in the judgment and lien docket . . . shall, for 10 years from the date of entry, be a lien on all real property of every person against whom the judgment is entered . . . *except homestead property that is exempt from execution under s. 815.20 . . . ." Id.* (emphasis added.) Our initial inquiry therefore is whether the homestead exemption statute applies here.

Advent does not dispute that the property in question is homestead property that Stress occupied. Rather, Advent argues that its lien was not affected by the homestead exemption because Stress never asserted his homestead rights before the property at issue was sold to CVW. We disagree.

This court has long recognized "that the public policy of this state strongly favors the liberal construction of the homestead statutes in favor of the debtor, and that homestead rights are preferred over the rights of creditors." *Mogilka v. Jeka*, 131 Wis. 2d 459, 468, 389 N.W.2d 359, 362 (Ct. App. 1986). Thus, "the right to the homestead exemption does not depend upon its formal exercise." *Lueptow v. Guptill*, 56 Wis. 2d 396, 404, 202 N.W.2d 255, 260 (1972). Rather, the "fact of occupancy" may be sufficient to indicate one's declaration of the homestead exemption. *Id.* at 404–05, 202 N.W.2d at 260; *see also Martin v. C. Aultman & Co.*, 80 Wis. 150, 49 N.W. 749 (1891). In *Larson v. State Bank of Ogema,*

---

[3] Homestead is defined as "the dwelling and so much of the land surrounding it as is reasonably necessary for use of the dwelling as a home, but not less than one-fourth acre (if available) and not exceeding 40 acres." Section 990.01(13)(a), STATS.

201 Wis. 313, 230 N.W. 132 (1930), the debtor never "expressly made or requested any selection of any of his acreage as a homestead, or objected to the sale under execution of any of his land." *Id.* at 316, 230 N.W. at 134. Nevertheless, the court held:

> [S]uch use and occupancy themselves evidence the selection by the owner of all of such contiguous land as his homestead, and constitute notice to all of its character as his homestead, and of his selection thereof as such, without his giving any other notice.

*Id.* at 318, 230 N.W. at 134. Similarly, in *Lueptow*, the judgment lienholder argued that the debtors failed to exercise their homestead exemption. *See Lueptow*, 56 Wis. 2d at 404, 202 N.W.2d at 259. Our supreme court, applying the "mere occupancy rule," held that the homestead exemption had been properly exercised "by the [debtors'] residence on the real estate at the time of the docketing of Lueptow's cognovit judgment." *Id.* at 405, 202 N.W.2d at 260. We therefore hold that Stress's occupancy on the homestead constituted an exercise of the homestead exemption.

Having established that the homestead exemption was exercised here, we must address how the exemption affects the priority of liens, as any liens junior to the tax lien will be discharged upon IRS issuance of a deed to the real property, pursuant to tax sale. *See* 26 U.S.C. § 6339(c). We must stress, however, that we are addressing only the application of the homestead exemption statute, § 815.20, STATS., and only where, as here, equity in the property is insufficient to satisfy subordinate lienholders.

Under federal law, where real property is sold by tax sale, "as provided in [26 U.S.C. § 6335] and not redeemed in the manner and within the time provided

in [26 U.S.C. § 6337], the Secretary shall execute . . . to the purchaser of such real property . . . a deed of the real property[.]" 26 U.S.C. § 6338(b). Consequently, and with respect to junior encumbrances, "a deed to real property executed pursuant to section 6338 shall discharge such property from all liens, encumbrances, and titles over which the lien of the United States with respect to which the levy was made had priority." 26 U.S.C. § 6339(c). In other words, the deed to real property executed pursuant to a tax sale under 26 U.S.C. §§ 6331—6344 discharges all encumbrances junior to the tax lien. We will therefore determine whether Advent's lien was subordinated by virtue of the home-stead exemption statute where, as here, equity in the property is insufficient to satisfy subordinate lienholders.

The general principle of "first in time" effectively creates a "prior lien"—a term commonly used to denote a "first or superior lien." *See* BLACK'S LAW DICTIONARY 1074 (5th ed. 1979). The term "superior," means "higher; belonging to a higher grade," *id.* at 1288, and in the realm of lienholder priorities, a superior or prior lien has the first right to satisfaction of its lien. *See City of New Britain*, 347 U.S. at 85. Distinctions made under the homestead exemption, however, interfere with this prioritization scheme.

A homestead is exempt from all judgment liens *except* mortgages, laborers', mechanics' and purchase money liens and *taxes*. Section 815.20, STATS. It has been recognized that:

> The effect of *this distinction between exemptible and nonexemptible creditors is the subordination of senior judgment creditors to junior but nonex-emptible lienholders* upon the sale of the property. This subordination interferes with the usual priori-

457

tization scheme in Wisconsin, which generally gives priority to encumbrances on property in the order of their recording.

*In re Hazard v. Overhead Door Co.*, 113 B.R. 494, 497 (W.D. Wis. 1990) (emphasis added).[4] Although the subordination of otherwise senior judgment creditors interferes with the usual prioritization scheme in Wisconsin, i.e., first in time is first in right, the Bankruptcy Court has "recognized the [Wisconsin] exemption statute's mandate to subordinate the security interests of exemptible creditors to those of nonexemptible lienholders . . . . " *Id.* (citing *Lueptow*).

Here, even though Advent's lien was first filed, it is subject to the homestead exemption and therefore subordinated to the subsequently filed, but nonexemptible

---

[4] In addition to establishing the subordination of otherwise senior lienholders under the homestead exemption, the *Hazard* court, interpreting 11 U.S.C. § 522(f)(1), held that judicial liens may be avoided "if the total value of the liens held against the property reduces the equity below the exemption level." *In re Hazard v. Overhead Door Co.*, 113 B.R. 494, 498 (W.D. Wis. 1990). *Hazard* arose out of a ch. 7 debtor's motion to avoid a judicial lien on homestead property that had been valued at $90,000. *See id.* at 496. In essence, although the debtors could not avoid the approximately $70,000 owed in mortgage and taxes, they argued that they should be allowed to avoid the judgment lien on the ground that the lien impaired their homestead exemption, contrary to 11 U.S.C. § 522 (f)(1). Under 11 U.S.C. § 522(f)(1), a debtor may avoid a judicial lien if the lien impairs an exemption to which the debtor would have been entitled but for the lien. *See id.* at 495–96. The *Hazard* court held that, as the equity remaining in the property (i.e., $20,000) fell below Wisconsin's $40,000 homestead exemption, the judgment lien impaired the debtor's exemption and would therefore be avoided. *See id.* at 499.

458

tax lien. In other words, because Advent's lien is subject to the homestead exemption while the tax lien is not, the operation of the homestead exemption effectively subordinates Advent's otherwise superior judgment lien to the status of junior lienholder. Consequently, Advent's junior lien was discharged by operation of federal law—specifically by the execution of the IRS's quit claim deed to CVW under 26 U.S.C. § 6338. We therefore reverse the circuit court's granting of summary judgment in favor of Advent and remand for further proceedings consistent with this opinion.

*By the Court.*—Judgment reversed and cause remanded.